## HUTCHERSON v. DURDEN.

An action by a father to recover damages for the seduction of his daughter is barred by the statute of limitations, unless brought within two years from the time the right of action accrued.

Argued June 7, — Decided July 20, 1901.

Action for damages.     Before W. W. Larsen, judge pro hac vice. Emanuel superior court.     October 20, 1900.

*G. M. Warren,* for plaintiff.     *Alfred Herrington,* for defendant.

FISH, J.     This was a suit brought by a father to recover damages for the seduction of his daughter, who, according to the petition, was unmarried and living with him at the time the cause of action arose.     At the trial, "after the plaintiff had closed his evidence, the defendant swore a number of witnesses, and then moved orally to dismiss plaintiff's case upon the ground that the declaration showed upon its face that the case was barred by the statute of limitations.

The plaintiff then introduced in evidence the suit as originally brought between the parties for the same subject-matter, filed October 1st, 1895, . . and the order withdrawing the same at October adjourned term, 1896, prior to the filing of the present suit [on the] 22d day of January, 1897. Defendant then renewed his motion to dismiss plaintiff's suit." The court sustained the motion, and the plaintiff excepted. It is contended here, by counsel for the plaintiff in error, that the motion to dismiss, being predicated upon a ground that would not have been good in arrest of judgment, should have been made at the appearance term, and could not have been lawfully entertained by the court during the trial of the case. So far as appears from the bill of exceptions or the record, this is the first time that this point has been raised. It does not appear that any objection was made to the court's entertaining and passing upon the motion to dismiss. This court can only determine questions which were raised in the court below. As no objection appears to have been made to the motion to dismiss, the plaintiff will be presumed to have waived any valid objection, if such there were, which might have been made thereto. The only ruling which appears to have been made by the trial court was upon the merits of the motion. Consequently, the only question properly before this court for decision is, whether or not the plaintiff's cause of action was barred by the statute of limitations when the original suit was brought. The defendant in error contends that, under the Civil Code, § 3900, it was then barred, as more than two years had elapsed after the right of action accrued. The section cited reads as follows: "Actions for injuries done to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year." Is a suit brought by a father for the seduction of his daughter, within the meaning of this section of the Civil Code, a suit "for injuries done to the person"?

A similar question arose in *Johnson* v. *Bradstreet Co.*, 87 *Ga.* 79, and the decision therein rendered is decidedly in point. There the statute under consideration amended section 2967 of the Code of 1882, which provided that no action for a tort should "abate by the death of either party where the wrong-doer received any benefit from the wrong complained of," by providing that no action "for homicide, injury to the person, or injury to property shall

abate by death," and the question which invoked a construction of the amending statute was, whether an action for libel was abated by the death of the plaintiff.　The decision was that the action did not abate in consequence of the death of the plaintiff, it being held that the words, "injury to the person," were not "restricted to mere bodily or physical injuries," but extended "to all injuries to the person."　Mr. Justice Lumpkin, who delivered the opinion, said:　"Some light is thrown upon the question at issue by reference to the position which the amended section occupies in the code.　Title VIII of part II of the code treats of 'torts, or injuries to persons or property.'　Chapter 2d of that article treats of 'injuries to the person.'　This chapter is divided into three articles. The first treats of 'physical injuries,' the second of 'injuries to reputation,' and the third of 'other injuries to the person.'　According to this classification, it will be seen that injuries to reputation are included in the chapter dealing generally with injuries to the person.　The article relating to physical injuries treats only of injuries to the body; that relating to the reputation includes and defines libel and slander; and the remaining article of that chapter deals with *still other personal injuries,* such as false imprisonment, malicious arrest, and injuries to health.　All of the foregoing injuries, as has been shown, are classed under the general subdivision covering injuries to the person.　It is more than probable that the legislature, in making this new law a part of the code, intended that it should harmonize with its surroundings; and in amending this section, it was doubtless their deliberate purpose that the words used in the amending act should be construed and understood with reference to the existing arrangement and classification of the law of torts, in which this new law found its place."　Now, if we look further into the classification of the law of torts than it was necessary for the learned Justice to do in the case which the court then had under consideration, we find that section IV of article III, the title of which article is "other torts to the person," treats of "indirect injuries to the person," and that under this designation are grouped the section of the code giving a husband "a right of action against another for abducting or harboring his wife," the section giving a husband a right of action "for adultery, or criminal conversation with" his wife, the section giving a father, "or to the mother, if the father be dead, or absent permanently, or

refuses to sue," a right of action for "the seduction of a daughter, unmarried and living with her parent," and the sections giving "a father, or, if the father be dead, a mother," a right of action "against any person who sells or furnishes spirituous liquors to his or her son under age, for his own use, and without his or her permission," and "a like right of action against any person who shall play and bet at any game of chance with a minor son for money or other thing of value." In our present Civil Code these same sections are found under the subtitle, "indirect injuries to the person," and all that appears above in reference to the classification of the law of torts in the Code of 1882 applies to the Civil Code. It is, we think, therefore evident that the meaning of the expression, "injuries to the person," as understood by the codifiers and within the scheme of classification adopted in the code, was not confined to mere physical or bodily injuries, but embraced all actionable injuries to the individual himself, as distinguished from injuries to his property; and equally evident that in the opinion of the codifiers the seduction of an unmarried daughter, living with her parent, was, relatively to that parent, an indirect injury to the person.

In reference to actions for torts our "statute of limitations" provides: "All actions for trespass upon, or damages to realty, shall be brought within four years after the right of action accrues." "Actions for injuries to personalty shall be brought within four years after the right of action accrues." "Actions for injuries done to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year." Civil Code, §§ 3898, 3899, 3900. Here we find that torts to property are divided into torts to realty and torts to personalty, though the time within which suit may be brought is four years in each instance. We find only one section, and, indeed, only one sentence, devoted to the limitation of actions for torts which do not invade property rights. That section fixes the limitation for actions for "injuries done to the person," and provides that suits for such injuries must be brought within two years after the right of action accrues, except in the case of injuries to the reputation, where the limitation on the right to sue is one year. So, if the expression, or classification, "injuries done to the person," includes only injuries inflicted upon the physical man, or bodily organization, then, except as to injuries to the reputation, there

seems to be no limitation provided in the code for suits based upon any of the other torts which do not infringe upon or affect property rights, but each of which, under express provisions of the code, affords a cause of action to the injured party. It is not reasonable to suppose that our lawmakers intended that there should be no limitation for suits for adultery, or criminal conversation, with a wife, for actions for abducting or harboring a wife, for suits for selling liquors to a minor son without the consent of his parent, for actions for gambling with a minor son, and for actions for the seduction of a daughter. Unless the actions for injuries which may be brought in these respective cases come within the meaning of the expression, or classification, "injuries done to the person," we have been unable to find any limitation in the code upon the right to sue for such injuries, or any one of them. Surely the failure to provide a special limitation for each of these actions, or to specifically include them all under one general statutory limitation, was not the result of oversight on the part of our legislators and codifiers. Is it not more reasonable to believe that this failure was due to the fact that the makers of our laws believed that actions in these cases were limited by the section which deals with actions "for injuries done to the person," and that they intended that they should be? We think, however, that section 3900 of the Civil Code itself shows that the expression "injuries done to the person," as therein used, includes not only injuries to the physical body, but every other injury, for which an action may be brought, done to the individual and not to his property. This is shown by the fact that "injuries to the reputation" are specially excepted from the operation of the limitation provided for actions "for injuries done to the person." Why this exception, if "injuries done to the person" include only injuries to the bodily organization?

Section V of the statute of limitations of March 6, 1856, provided: "All suits for injuries done to the person shall be brought within two years after the right of action accrues, and not after." Section VI of that act provided: "All suits for injuries done to the character or reputation shall be brought within one year from the time the right of action accrues, and not after." It is significant that when the laws of this State were first codified, these two separate sections of the statute of limitations were merged into not only one section, but into one sentence, and so merged that the conclusion

is irresistible that, in the opinion of the codifiers and of the General Assembly which adopted that code as a body of laws for the State, the expression, or classification, "injuries done to the person," as used in the statute of limitations, included personal injuries other than injuries to the body, and that it was their intention that it should. Section 3900 of the Civil Code is in the exact language of section 2992 of our first code, and the same language has been employed in each of the intervening codes. So, the codifiers of the original code and the codifiers of each subsequent code have included "injuries to the reputation" under the general classification, "injuries done to the person," and then, by express exception, have provided that the limitation of two years, applied generally to all actions "for injuries done to the person," shall not apply to suits for "injuries to the reputation," but that actions for such injuries shall be brought within one year after the right of action accrues. Both the classification and the exception have twice received the sanction and approval of the General Assembly, as the Code of 1863 and the Code of 1895 were each adopted by legislative enactment. An injury to the reputation is an injury of an intangible character, of which there is no evidence in or on the bodily organization, and which can only affect the physical man indirectly, through the subtle influence of the mind over the bodily processes and the physical health. That such an injury as this was classed by our lawmakers among "injuries done to the person," we think, clearly shows that they intended by "injuries done to the person" all injuries, for which an action would lie, done to the individual, as distinguished from injuries done to his property. Our statute giving a right of action for the seduction of an unmarried daughter, living with her parent, sweeps away the flimsy fiction of the common law, that a suit by a father for the seduction of his daughter can only be based on the relation of master and servant between the two, and must, therefore, be for the loss of the daughter's services, although when the plaintiff has thus brought his suit he can recover for the real wrong and injury inflicted upon him. In this State "the seduction is the gist of the action," and "no loss of service need be alleged or proved." Civil Code, § 3870. Section 3899 of the Civil Code, which provides the limitation within which suits for injuries to personalty may be brought, can not, therefore, apply to such an action; for "the gist of the action" is what must be looked to in de-

termining whether it is an action for injuries to personalty, or one "for injuries done to the person." The real gravamen of the action is the shame, mortification, humiliation, and sense of family dishonor and disgrace from which the plaintiff suffers. "The gist of the action" being, not any property right of the parent in the services of his daughter, but the seduction itself, for which, "in well-defined cases, the damages should be exemplary," it is clear that within the intent and meaning of our code, and under the decision in *Johnson* v. *Bradstreet Co.*, supra, the expression, "injuries done to the person," as used in our statute of limitations, includes the injuries inflicted upon a father by the seduction of his daughter.

Irrespective of the considerations above presented, there is excellent outside authority for holding that the expression, "injuries done to the person," used in a statute, includes the injuries inflicted upon a father by the seduction of his daughter. This will be seen by reference to the elaborate and able opinion in *Bradstreet* v. *Johnson*, supra, where Mr. Justice Lumpkin discusses the meaning of the words "injury to person," in the light of the common law, and subsequently cites the following authorities, which are very much in point in the present case. On page 84, he says: "Aside from this, the following authorities seem to sustain our judgment in the case before us: In Cregin *v.* Brooklyn Crosstown R. R. Co., 75 N. Y. 192, construing the meaning of the words 'actions on the case for injuries to the person of the plaintiff,' found in a New York statute, the court held that these words included actions for slander, libel, assault and battery, and false imprisonment; and that cases of this kind were to be treated as actions for injuries done to the person of the plaintiff. Under section 2157 of the Code of Alabama, actions for injuries to the person or reputation are abated by the death of a party. Construing the section, in the case of Garrison *v.* Burden, 40 Ala. 513, it was held that an action to recover damages for the seduction of the plaintiff's wife was an action for injuries to the person, and, therefore, under the section cited, abated by the death of the defendant. Judge, J., says: 'Is adultery, or criminal conversation with the wife, in legal contemplation, an injury to the person of the husband? Blackstone and Chitty both declare that it is, . . and upon this point we are not aware that there is any conflict of authority.' This case, in effect, rules that injuries to the person are not confined to physical

injuries.　In the case of Delamater *v.* Russell, 4 How. Pr. 234, it was held that an action for criminal conversation with the plaintiff's wife was an action for injury to the person of the plaintiff. Parker, J., says: 'Rights are divided into absolute and relative. Criminal conversation is classed under actions for injuries to the latter. This classification is related by all our elementary writers.'"

As it clearly appeared that the original action in the case under consideration was brought more than two years after the right of action accrued, there was no error in sustaining the motion to dismiss the case.

*Judgment affirmed.　All the Justices concurring.*