## 20698. ROPER v. JONES.

BLOODWORTH, J. 1. Special grounds 1 and 2 of the motion for a new trial allege that the court erred in charging the jury as follows: "As to lost time, if the plaintiff lost time from his work, due to his injury, if the plaintiff was injured and is entitled to recover, and the evidence shows you with reasonable certainty how much money the plaintiff lost on account of lost time, that sum should be awarded in his favor." When read in connection with the remainder of the charge, this excerpt therefrom is not subject to the criticisms lodged against it.

2. Special grounds 3, 4, and 5 of the motion for a new trial, when considered in connection with the pleadings, all the evidence, and the verdict, show no reason for a reversal of the judgment. In his order overruling the motion for a new trial the trial judge says: "Verdict for the plaintiff cures errors committed."

3. The excerpts from the charge of the court complained of in special grounds 6, 7, and 8 of the motion for a new trial are admitted by the trial judge to be "incorrect, wholly improper," but inasmuch as the verdict actually rendered was in proper form and shows that the finding of the jury was that the defendant's negligence was solely responsible for the plaintiff's injuries and for his (the defendant's) injuries, the errors in these grounds as to the form of various verdicts to be considered by the jury were harmless.

4. Special grounds 9, 10, and 11 of the motion for a new trial allege that the court erred in charging that "The plaintiff alleges that the defendant was violating a State law, namely the law of the State which provides that an operator meeting another vehicle coming from the opposite direction on the same highway shall turn to the right of the center of the highway, so as to pass without interference," and that "the law of the State of Georgia provides that an operator, in rounding curves, shall reduce speed, and shall keep his vehicle as far to the right of the highway as reasonably possible." These excerpts from the charge are in the language of the motor-vehicle law of 1927 (Ga. L. 1927, pp. 236, 237, sections 12(c) and 12(c), and the judge was authorized by the evidence to give them in charge.

5. For no reason alleged is the excerpt from the charge of the court quoted in special ground 12 erroneous.

6. There is ample evidence to support the verdict.

*Judgment affirmed. Broyles, C. J. and Luke, J., concur.*

DECIDED FEBRUARY 17, 1931. REHEARING DENIED FEBRUARY 26, 1931.

688

 

*Branch & Howard, Bryan & Middlebrooks,* for plaintiff in error. *Hamilton Kimzey, Little, Powell, Reid & Goldstein, Harry L. Greene, McDaniel, Neely & Marshall,* contra.