23084. PATELLIS, administrator, *v.* KING.

390 

J. Wightman Bowden, Leonard S. Pennisi, for plaintiff.

John M. Slaton, for defendant.

Jenkins, P. J. 1. "Actions for injuries done to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation which shall be brought within one year." Civil Code (1910), § 4497. "Actions for injuries to personalty shall be brought within four years after the right of action accrues." Civil Code, § 4496.

2. The common-law rule that an action for the death of a human being will not lie has been changed by statutes in this State, now embodied in sections 4424 and 4425 of the Civil Code, codifying the act of 1850 and successive amendments. Those sections prior to the amendment of 1924 (Ga. L. 1924, pp. 60, 61) gave a right of action for negligent homicide to three classes of persons: (1) a widow, child or children, for the death of the husband or father; (2) a husband, child or children, for the death of the wife or mother; and (3) a dependent mother or father for the death of a child. In each of these groups, the statutory right to recover is based upon a substitution of the party or parties suing in the place of the deceased, and the measure of damages is the full value of the life to the deceased and not to the plaintiff or plaintiffs. The right of recovery does not depend upon the amount of loss of services or of any property right. Consequently, the essence of the action being the injury to the person of the deceased, Code-section 4497 controls the period of limitation, which is within two years from the death. Atlantic, Valdosta & Western R. Co. v. McDilda, 125 Ga. 468, 471 (54 S. E. 140, 114 Am. St. R. 240); Engle v. Finch, 165 Ga. 131, 132, 134 (139 S. E. 868); Western & Atlantic R. Co. v. Bass, 104 Ga. 390, 392 (30 S. E. 874); So. Bell Tel. Co. v. Cassin, 111 Ga. 575, 576-578 (36 S. E. 881, 50 L. R. A. 694); Chapman v. Central of Ga. Ry. Co., 20 Ga. App. 251 (2), 254 (92 S. E. 1025); Williams v. Seaboard Air-Line Ry. Co., 33 Ga. App. 164 (2), 165 (125 S. E. 769). The amendment of 1924, however, added a new

and fourth class of persons entitled to recover, by providing that, "in cases where there is no person entitled to sue under the foregoing provisions of this section, the administrator of the deceased person may sue for and recover for the benefit of the next of kin, if dependent upon the deceased, or to whose support the deceased contributed, in which event *the amount of recovery shall be determined by the extent of the dependency or the pecuniary loss sustained by the next of kin*" (italics ours) ; and that, "the administrator shall hold the amount of the recovery for the benefit of the next of kin, if dependent, or to whose support the deceased contributed." Park's Code Supp. 1926, and Michie's Code, §§ 4424, 4425. The effect of this amendment as to the right of action thereby created, unlike the three preceding classes of actions, was not to substitute the next of kin or the administrator representing them in the place of the deceased and allow a recovery based upon the value of his own life, so as to make the action one for a personal injury; but it was to compensate dependent next of kin for their actual property loss, measured "by the extent of the dependency or the pecuniary loss sustained" by them. A suit by an administrator in behalf of a dependent brother of a deceased person, being analogous to a suit by a father for loss of the services of his child, or by a master for loss of the services of his employee, concerns a property right, and code-section 4496, allowing four years after the right of action accrues within which to sue for "injuries to personalty," controls the right of action in such a case. See *Frazier* v. *Ga. R. Co.,* 101 *Ga.* 70 (28 S. E. 662) ; *Stoddard* v. *Campbell,* 27 *Ga. App.* 363 (2, 3), 364 (108 S. E. 311). The case of *Seaboard Air-Line Ry. Co.* v. *Brooks,* 151 *Ga.* 625 (107 S. E. 878), involved a construction of the limitation provision in the Federal employers' liability act, and is inapplicable to this case. The instant petition having been filed within the four-year period, the court erred in sustaining the defendant's demurrer, upon the ground that more than two years had elapsed between the death and the filing of the petition.

3. Under the preceding ruling, it is unnecessary to determine whether or not the provision of Code-section 4376, that "the time between the death of a person and representation taken upon his estate . . shall not be counted against his estate," but not exceeding five years, would be applicable to an administrator suing

not for the benefit of the estate, but for the benefit of next of kin under the amendment to sections 4424 and 4425, where, as in this case, the deduction of the period of unrepresentation would bring the time of filing the suit within the two-year period applicable to actions for personal injuries. See, in this connection, *Cooper* v. *Cooper*, 30 *Ga. App.* 710 (119 S. E. 335) ; Beebe *v.* Moormack Gulf Lines, 59 Fed. (2d) 319; Lindgren *v.* U. S., 281 U. S. 38, 41 (50 Sup. Ct. 207, 74 L. ed. 686), which may indicate that the administrator does not recover as such, but recovers merely as trustee or representative of the next of kin. But see also *So. Bell Tel. Co.* v. *Cassin,* supra.

 *Judgment reversed. Stephens and Sutton, JJ., concur.*