## 24506. DALRYMPLE v. BRUNSWICK COCA-COLA BOTTLING COMPANY.

STEPHENS, J. 1. An injury to the "person," for which, when a right of action accrues, the action must be brought within two years, as provided in the Code of 1933, § 3-1004 (Code of 1910, § 4497), is an injury to the physical body of the person. An injury to one's health is an injury to the person. The mere fact that one who has received an injury to his person suffers as a result thereof a monetary loss such as expenditures for doctor's bills, loss of earning capacity, etc., does not make the injury any less an injury to the person. The resulting monetary damages are damages resulting from an injury to the person, and not from an injury to a property right. A tortious communication of a disease, such as tuberculosis of the lungs, by one person to another by causing the person contracting the disease to work in company with a person suffering from the disease, is an injury to the person, and any monetary loss or damages flowing therefrom, such as the expenses of doctor's bills and loss of earning capacity and physical disability, where recoverable, are recoverable as damages flowing from an injury to the person, and not from an injury to a property right. The injury being an injury to the person, a suit to recover therefor must be brought within two years after the right of action accrues. Code of 1933, § 3-1004 (Code of 1910, § 4497). The right of action accrues immediately upon the communication of the disease. *Johnson* v. *Bradstreet Co.,* 87 *Ga.* 79, 81 (13 S. E. 250); *Frazier* v. *Ga. Railroad &c. Co.,* 101 *Ga.* 70 (28 S. E. 662); *Hutcherson* v. *Durden,* 113 *Ga.* 987, 991 (39 S. E. 495); *Raleigh & Gaston R. Co.* v. *Western & Atlantic R. Co.,* 6 *Ga. App.* 616 (65 S. E. 586); *Patellis* v. *King,* 48 *Ga. App.* 389 (172 S. E. 921).

2. Where the alleged tort-feasor, or those under whom he claims, has been guilty of no fraud by which the person injured has been debarred or deterred from instituting suit within the period of limitation, mere ignorance of the person injured of the existence of facts constituting a cause of action does not prevent the running of the statute of limitations. Code of 1933, § 3-807 (Code of 1910, § 4380); *Davis* v. *Boyett,* 120 *Ga.* 649 (48 S. E. 185, 66 L. R. A. 258, 102 Am. St. R. 118, 1 Ann. Cas. 386); *Barrett* v. *Jackson,* 44 *Ga. App.* 611 (162 S. E. 308); *Silvertooth* v. *Shallenberger,* 49 *Ga. App.* 133 (174 S. E. 365). Where an alleged cause of action arises out of the act of an alleged tort-feasor in causing the person injured to contract tuberculosis of the lungs by working alongside of a person afflicted with the disease, which is an injury to the person, ·the statute of limitations against the injured per-

son's right of action begins to run from the date when he contracted the disease, notwithstanding he was ignorant of the fact of having contracted it and did not become aware of having contracted it until sometime thereafter when informed by a physician, in the absence of any fraud on the part of the alleged tort-feasor which concealed from the person injured knowledge of the fact that he had contracted the disease, or which otherwise deterred the person injured from instituting suit within the statutory period of limitation.

3. Where, in a suit against the alleged tort-feasor to recover damages alleged to have been sustained by the tortious act of the defendant in causing the plaintiff to contract tuberculosis of the lungs, it appears from the petition that the disease was communicated to the plaintiff in October, 1931, and the plaintiff had no knowledge of the fact that he had contracted this disease, until he was so informed by a physician within two years before the institution of the suit, and it does not appear that the defendant perpetrated any fraud on the plaintiff by which he was deterred from instituting suit within the statutory period, and it appears from the face of the petition that the suit was not instituted within two years from the accrual of the right of action, the cause of action was barred by the statute of limitations. The court did not err in sustaining the general demurrer on the ground that it appeared from the petition that the cause of action was barred by the statute of limitations. *McClaren* v. *Williams*, 132 *Ga.* 352 (64 S. E. 65); *Small* v. *Jones*, 138 *Ga.* 521 (2) (75 S. E. 605); *Curtis* v. *College Park Lumber Co.*, 145 *Ga.* 601 (89 S. E. 680).

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 20, 1935.

*Cowart & Cowart, Troy L. Claxton,* for plaintiff.
*Reese, Scarlett, Bennet & Highsmith,* for defendant.