**Orville L. CARTER et al.**

v.

**SEABOARD COAST LINE RAILROAD CO.**

Civ. A. No. 574–26.

United States District Court,
S. D. Georgia,
Waycross Division.

Sept. 26, 1974.

The action is a unique one, commenced on April 17, 1974, to enforce and redress plaintiff's state constitutional and statutory rights to testify as a witness, allegedly violated by SCL's refusal to hire or rehire plaintiffs.

### The Plaintiffs

Plaintiffs, both white males, are citizens of the State of Georgia and reside in or near Waycross, Georgia, where both applied for employment with SCL. Plaintiff Carter was formerly employed as a painter apprentice and later as a fireman with the Atlantic Coast Line Railroad, a predecessor company of SCL. Having little seniority as a fireman, he was "furloughed" from regular employment with the Railroad as a result of a labor arbitration award in 1961 when he last worked for the Railroad. During that period of employment, he observed an accidental injury to a fellow employee and later testified against the Railroad's interests in a subsequent personal injury action. From 1964 to 1969, Carter sought re-employment with the Railroad, but was never rehired. He alleges that SCL's supervisory personnel made derisive remarks concerning his testimony against the Railroad and refused to rehire him because of his testimony.

Plaintiff Burkett first applied for employment with SCL in 1969, at which time he was advised that he failed to meet the minimum educational requirements. He re-applied in 1971, after satisfying the educational requirements, but was rejected for medical reasons. He claims that SCL refused to hire him because of his father's successful FELA action against Atlantic Coast Line Railroad Company in 1947.

### Plaintiffs' Theory of Action

Plaintiffs rely solely on state law for the genesis of their claim for damages; there is no reliance on federally created rights dealing with employment.[1] Plaintiffs first contend that Georgia law (Georgia Constitution Art. I, § I, ¶ IV,

Fletcher N. Farrington, Savannah, Ga., for plaintiffs.

Malcolm v. Maclean, Charles A Edwards, Savannah, Ga., for defendant.

### ORDER

ALAIMO, District Judge.

Following removal of this action from the Superior Court of Ware County, Georgia, on grounds of diversity of citizenship, defendant, Seaboard Coast Line Railroad Company (SCL), interposed a number of motions to dismiss which the Court now treats as a motion for summary judgment, pursuant to Rule 12(c), Fed.R.Civ.P.

---

1. Plaintiffs' attorney implicitly conceded that no federal rights of plaintiffs were involved in this action. Transcript of Hearing (June 24, 1974) at pps. 16, 20.

and Ga.Code § 79–205) creates an actionable right "to testify as a witness" free from restraints or retaliation. Additionally, they argue that Georgia law generally creates a remedy for every violation of a right regardless of whether or not the remedy was recognized at common law or has since been created by the Legislature. Ga.Code Ann. § 3–105.

### SCL's Theories of Defense

SCL initially raised a number of grounds for dismissal. However, the bases for this motion for summary judgment can be boiled down to two basic theories: (1) a bar by statutes of limitations; and (2) failure to state an actionable claim or cause of action.

### Statute of Limitations

■ In order to determine the appropriate period of limitations for any cause of action, the Court is required first to characterize the right sought to be vindicated.

■ An employment relationship, at least under state law, is a matter of contract and is thus a property right. Undercofler v. Scott, 220 Ga. 406, 139 S.E.2d 299 (1964); Piedmont Cotton Mills, Inc. v. H. W. Ivey Constr. Co., 109 Ga.App. 876, 137 S.E.2d 528 (1964). In contrast, the right "to testify as a witness" is "[a]mong the rights of citizens . . . ," Ga.Code § 79–205 (1933), or a personal right and is in essence an adjunct or portion of the fundamental concept of freedom and liberty protected by Article I, Section I, Paragraphs III and IV of the Georgia Constitution (Ga. Code Ann. §§ 2–103 and 2–104).

Liberally construed, plaintiffs assert that they were denied employment because of their exercise of their personal right to testify. Construed as such, their action is one to recover damages for interference with their personal, rather than, property rights.

Under Georgia law, "[a]ctions for injuries to the person" must be commenced within two years after the right of action accrued. Ga.Code Ann. § 3–1004. "[I]njuries to the person" has been construed by the Supreme Court of Georgia as not being confined to physical injury, but rather the phrase encompasses all actionable injuries to the individual himself, as distinguished from injuries to his property or property rights. Hutcherson v. Durden, 113 Ga. 987, 991, 39 S.E. 495 (1901). There the court construed a father's right of action for the seduction of his daughter as an "injury to the person" to which the two-year limitation of action applied. 113 Ga. at 992–93, 39 S.E. 495. More recently, the Georgia courts have held that an uninjured spouse's right of action for loss of consortium with the injured spouse involves an injury to the uninjured spouse's person. Schimmel v. Greenway, 107 Ga.App. 257, 129 S.E.2d 542 (1963), and that an action for malicious abuse of legal process also involves an injury to the person within the meaning of Ga.Code Ann. § 3–1004. McCullough v. Atlantic Refining Co., 50 Ga.App. 237, 177 S.E. 601 (1934).

■ As an action for recovery of damages for interference with plaintiff's right to testify as a witness, the action here is one "for injuries to the person" and must have been commenced within two years of the alleged interference.

Plaintiffs commenced this action on April 17, 1974. If the right of action accrued prior to April 16, 1972, the Court will be required to find the interference-with-personal-rights' aspect of the action barred by the two-year statute of limitations. Plaintiff Carter's last contact with SCL occurred on March 3, 1972, when the National Railroad Arbitration Board dismissed his claim against the Railroad and unions (Carter's Deposition at 29; Carter's Answer to Interrogatories at Exhibit 1). SCL last rejected Burkett's latest application for employment in 1971 (Burkett's Deposition at 9–14; Burkett's Answers to Interrogatories Numbered 1 and 4; see Plaintiffs' Memorandum in Opposition to Defendant's First Motions, filed June 25, 1974, at 4). Conse-

quently, to the extent that plaintiffs assert claims of interference with their rights to testify as witnesses, the action is barred by the two-year statute of limitations in Ga.Code Ann. § 3–1004.

■ Plaintiffs contend, however, that their action is a suit "for the enforcement of rights accruing to individuals under statutes" to which a twenty-year period of limitations applies. Ga.Code Ann. § 3–704. While plaintiffs' cause of action might fall within the literal language of the Georgia twenty-year statute of limitations, construction of the provision by the courts clearly indicates that the present action is not one within the scope of the twenty-year statute:

> "In order to bring the case within this section, the liability would have to be one expressly created in favor of an individual or a class to which he belongs, as distinguished from one arising under the general law in favor of all persons who might be injured . . . ."

Savannah & Ogeechee Canal Co. v. Shuman, 98 Ga. 171, 173, 25 S.E. 415, 416 (1895). The Supreme Court of Georgia has further concluded:

> "[T]he General Assembly had in contemplation rights conferred by law upon particular individuals, and not upon the general public . . . . The rights referred to [in Ga.Code Ann. § 3–704] were such as could be asserted by certain persons, not in their capacity as members of the public who came within the protection of a general law, but as particular 'individuals' who were by special enactment expressly designated by name, or who belonged to a designated class . . . .. With these strictly personal rights the public at large has no concern. To rights which are conferred by law upon members of the public at large, as such, section [3–704] has no application."

Bigby v. Douglas, 123 Ga. 635, 639, 51 S.E. 606, 608 (1905). See also Anderson v. Anderson, 23 F.2d 331, 332–333 (N.D.Ga.1927), aff'd sub nom., Anderson v. Pennington, 28 F.2d 1007 (5th Cir. 1928); and Hendryx v. E. C. Atkins & Co., 79 F.2d 508 (5th Cir. 1935).

■ Since plaintiffs seek to assert rights of "members of the public at large," rather than liability created for them as named individuals or as members of a designated class, their action is not one preserved by the twenty-year statute of limitations.

■ Additionally, plaintiffs have not demonstrated that their claims are based on contract, either express or implied, to which the four-year statute of limitations dealing with contracts and property rights would be applicable. Ga.Code Ann. §§ 3–706, 3–711, and 3–1002. The claim—failure to employ—cannot be characterized as contractual in nature because refusal or failure to employ implicitly excludes the existence of mutual assent which is necessary for the existence of any contract. Gray v. Aiken, 205 Ga. 649, 54 S.E.2d 587 (1949); Harris & Mitchell v. Amoskeag Lumber Co., 97 Ga. 465, 25 S.E. 519 (1895).

Finally, the Fifth Circuit Court of Appeals has applied the two-year period of limitation to Ga.Code Ann. § 3–704, dealing with actions for wages, overtime, and damages, in an employment discrimination action under the Civil Rights Act of 1964. United States v. Georgia Power Co., 474 F.2d 906 (5th Cir. 1973). In applying the two-year limitation, the court characterized the employment discrimination action as one for "the failure to contract . . . ." 474 F.2d at 924.

■ In conclusion, whether construed as an action for interference with the personal right to testify as a witness or as a claim for damages for failure to contract or employ, a two-year period of limitations under Georgia law is applicable. Consequently, this action is barred by plaintiffs' failure to bring a timely action.

### The Right to Testify as a Witness

Plaintiffs insist that their claim is based upon a right to be free from in-

terference with their right to testify as a witness. Their attorney has conceded that "there is no law which requires anybody to hire anybody,"[2] but asserts that the refusal of SCL to employ plaintiffs is the gravamen of SCL's unlawful interference with their right to testify and is evidence of plaintiff's damages.

As conceded by plaintiffs, the Court finds that plaintiffs had no right to employment without SCL's consent. The controlling principle has been succinctly stated by the Fifth Circuit Court of Appeals:

> "The right to life, liberty, and the pursuit of happiness . . . does not include the right to work for any particular individual without the latter's consent. One man's right to work stops short of the other fellow's right not to hire him."

Van Zandt v. McKee, 202 F.2d 490, 491 (5th Cir. 1953). At best each plaintiff merely had a possibility of employment that would blossom into a right of employment only upon the mutual assent of both parties.

In the formulation of a contractual or employment relationship, either party may, under state law, decline to consummate the relationship for any reason or for no reason at all. As expressed by one court, "[i]t is not the function of the courts in the absence of a contract to compel a person to accept or retain another in his employ . . . ." Mitchell v. Stanolind Pipe Line Co., 184 F.2d 837 (10th Cir. 1950). There a discharged employee sought damages in a claim that he had been fired because of his commencement of a law suit; the court stated:

> "Plaintiff . . . presents a novel theory that the complaint is not based upon an unlawful discharge but is an action to recover damages for interference with plaintiff's right as a citizen to sue in the courts for redress of wrongs. The discharge cannot be so easily disassociated from the plaintiff's claim."

184 F.2d at 838.

Plaintiffs argue, however, that SCL's refusal to hire them tends to "chill" the exercise of their rights to testify as witnesses. As suggested by the court in Mitchell v. Stanolind Pipe Line Co., *supra*, plaintiffs' claims cannot be divorced from SCL's right to refuse to hire them. Here both parties have rights—plaintiffs' right to testify and SCL's right not to hire; these rights are not incompatible.

Plaintiffs have pointed out no authority for the proposition that a refusal to hire a former adverse witness after he has actually testified because of his antecedent activity as a witness constitutes an infringement of the right to testify. To the contrary, the Court feels that an employer may exercise its right to refuse to hire for any reason or no reason at all as long as federal statutory or constitutional provisions are not violated. Consequently, plaintiffs have failed to state a claim upon which relief could be granted.

### Conclusion

In summary, the Court finds that plaintiffs' claims are barred by the two-year Georgia statutes of limitations: either Ga.Code Ann. § 3–1004, relating to injuries to personal rights, or Ga.Code Ann. § 3–704, dealing with actions for wages, overtime, or damages.

However, even if the claims are not time barred, plaintiffs have failed to state an actionable claim because under Georgia law no right to employment exists in the absence of an enforceable contract created by the mutual assent of the parties. In sum, an employer may, under state law, refuse to employ another for any reason or for no reason at all.

It follows that plaintiffs' claims must be and are hereby dismissed.

So ordered, this 26 day of September, 1974.

---

2. Transcript of Hearing (June 24, 1974) at 16. See also page 22 of that transcript.