W. Claude SHARPE,
Plaintiff-Appellant,

v.

SEABOARD COAST LINE RAILROAD COMPANY and Louisville and Nashville Railroad Company, Defendants-Appellees.

No. 75–4090
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 10, 1976.

Ben B. Mills, Jr., Fitzgerald, Ga., H. Dale Thompson, Dublin, Ga., for plaintiff-appellant.

Clayton Jay, Jr., John E. Smith, III, Fitzgerald, Ga., for defendants-appellees.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

The Judgment of the District Court is affirmed on its memorandum opinion and order dated August 19, 1975, hereto attached.

Affirmed.

APPENDIX

W. CLAUDE SHARPE,

Plaintiff,                              Civ. A. No. 75–8–Amer.

v.

SEABOARD COASTLINE RAILROAD COMPANY, a corporation, et al.,

Defendants.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5. Cir. 1970, 431 F.2d 409, Part I.

ORDER

WILBUR D. OWENS, Jr., District Judge.

Defendants in the above-captioned case have filed their motion to dismiss plaintiff's complaint on the basis of the expiration of the applicable statute of limitations set forth in Georgia Code Annotated § 3–1004. Plaintiff's diversity action was filed on May 8, 1975, seeking the sum of $500,000 in damages for personal injuries sustained by plaintiff as a result of a tractor trailer truck-train collision alleged to have occurred on May 8, 1973. Plaintiff seeks to recover for pain and suffering, loss of ability to labor and earn wages, and medical expenses.

It clearly appears that all claims for injuries to the person are now barred by the applicable Georgia two-year statute of limitations. Ga.Code Ann. § 3–1004; *Davis v. United States Fidelity & Guaranty Co.,* 119 Ga.App. 374, 167 S.E.2d 214 (1969). The question thus for determination is "What are injuries to the person?"

In *Hutcherson v. Durden,* 113 Ga. 987, 991, 39 S.E. 495, 497 (1901), the Supreme Court of Georgia, in construing a predecessor of the statute in question concerning the applicability of "injuries done to the person", stated that this language "includes not only injuries to the physical body, but every other injury, for which an action may be brought, done to the individual and not to his property." The Georgia courts have long recognized in personal injury actions that pain and suffering, medical expenses and lost earnings are properly recoverable as a part of injury to the person. *See Nashville Ry. Co. v. Miller,* 120 Ga. 453, 47 S.E. 959 (1904); *Georgia Ry. & Electric Co. v. Carrol,* 143 Ga. 93, 84 S.E. 434 (1915); *Roper v. Jones,* 42 Ga.App. 686, 157 S.E. 367 (1931); *Dalyrmple v. Brunswick Coca-Cola Bottling Co.,* 51 Ga.App. 754, 181 S.E. 597 (1935); *Dowling v. Lester,* 74 Ga.App. 290, 39 S.E.2d 576 (1946); *Western & Atlantic R. R. v. Fowler,* 77 Ga.App. 206, 47 S.E.2d 874 (1948); *Malcolm v. Cotton,* 128 Ga.App. 699, 197

S.E.2d 760 (1973). Specifically in point is *Dalyrmple, supra* 51 Ga.App. at 754, 181 S.E. 597, 598, where the Georgia Court of Appeals stated:

"1. An injury to the 'person,' for which, when a right of action accrues, the action must be brought within two years, as provided in the Code of 1933, § 3–1004 (Civ.Code of 1910, § 4497), is an injury to the physical body of the person. An injury to one's health is an injury to the person. *The mere fact that one who has received an injury to his person suffers as a result thereof a monetary loss such as expenditures for doctor's bills, loss of earning capacity, etc., does not make the injury any less an injury to the person. The resulting monetary damages are damages resulting from an injury to the person, and not from an injury to a property right.* A tortious communication of a disease, such as tuberculosis of the lungs, by one person to another by causing the person contracting the disease to work in company with a person suffering from the disease, is an injury to the person, and any monetary loss or damages flowing therefrom, such as the expenses of doctor's bills and loss of earning capacity and physical disability, where recoverable, are recoverable as damages flowing from an injury to the person, and not from an injury to a property right. The injury being an injury to the person, a suit to recover therefor must be brought within two years after the right of action accrues. Code of 1933, § 3–1004 (Code of 1910, § 4497). The right of action accrues immediately upon the communication of the disease. *Johnson v. Bradstreet Co.,* 87 Ga. 79, 81, 13 S.E. 250; *Frazier v. Ga. R. R. & Banking Co.,* 101 Ga. 70, 28 S.E. 684; *Hutcherson v. Durden,* 113 Ga. 987, 991, 39 S.E. 495; *Raleigh v. Gaston R. Co. v. Western & Atlantic R. Co.,* 6 Ga.App. 616, 65 S.E. 586; *Patellis v. King,* 48 Ga.App. 389, 172 S.E. 921." (Emphasis added).

Plaintiff in response to defendants' motion relies upon two Georgia

Court of Appeals decisions which are directly contrary to the decided weight of authority in Georgia: *Davis v. Patrick,* 128 Ga.App. 677, 197 S.E.2d 743 (1973) and *Robinson v. Bomar,* 122 Ga.App. 564, 177 S.E.2d 815 (1970). These cases make no reference to the Georgia precedent establishing these items as recoverable for injuries to the person. *Davis* merely cites *Bomar,* and *Bomar* fails to cite any supporting authority. Under Georgia law, the rule of stare decisis applies, which means that the older case law must control. Ga.Code Ann. § 24–3501.

Moreover, in the recent Georgia Court of Appeals' decision of *Central of Ga. Ry. v. Harbin,* 132 Ga.App. 65, 207 S.E.2d 597 (1974), the court, in construing the severability of claims in a personal injury action for purposes of applying Ga.Code Ann. § 3–1004, stated:

"We agree that under the law as presently amended the limitation period for loss of consortium is four years, the period for other injuries to the person (omitting injury to the reputation) is two years, and the phraseology of the amendment ('injuries to the person involving loss of consortium') must be limited to damages for loss of consortium. *It does not extend the period during which damages may be sought for physical injury to the person and resulting pain and suffering, lost earnings, diminution of earning power, and so forth."* *Id.* at 66, 207 S.E.2d at 598. (Emphasis added).

Accordingly, the court concludes that the claims asserted by plaintiff are, by the decided weight of authority, claims for "injury to the person", and are thus barred by the applicable two year statute of limitations. The defendants' motions to dismiss are therefore granted.

So ordered, this the 19th day of August, 1975.