### S02A1337. BELLER v. TILBROOK.
(571 SE2d 735)

THOMPSON, Justice.

Walter Beller and Geraldina Tilbrook lived together for one year before they were married on June 7, 1994. At the beginning of their relationship, Tilbrook, a registered nurse, refused to engage in sexual relations with Beller unless he agreed to be tested for sexually transmitted diseases. Beller assured Tilbrook that he had been tested for sexually transmitted diseases and that he was disease free.

In March 1994, Tilbrook discovered that she had contracted genital herpes. When she initially confronted Beller about her condition, he denied that he had herpes or that he had given it to her. Periodically, during the course of the parties' marriage, Tilbrook asked Beller if he had infected her and Beller continued to deny that he had. Ultimately, Beller admitted what Tilbrook suspected — that he had herpes and infected her.

On June 18, 2001, within two years of Beller's admission, Tilbrook sued Beller for divorce and personal injury. Beller raised a statute of limitation defense to the personal injury claim. Finding that, as husband and wife, Beller and Tilbrook were in a confidential relationship, and that, therefore, Tilbrook's personal injury claim was not time barred, the trial court, sitting as the trier of fact, awarded Tilbrook damages for personal injury in the amount of $5,000. Beller sought, and we granted, discretionary review.

1. Beller recognizes that he could be held liable in tort for negligently or deliberately infecting Tilbrook with herpes, a sexually transmitted disease. See *Long v. Adams*, 175 Ga. App. 538 (333 SE2d 852) (1985). He argues, however, that Tilbrook's cause of action is barred by the statute of limitation.

2. Generally, where compensation is sought for the tortious communication of a disease, the applicable statute of limitation is two years from the date the disease was contracted. *Dalrymple v. Brunswick Coca-Cola Bottling Co.*, 51 Ga. App. 754 (181 SE 597) (1935). However, the limitation period is tolled where fraud on the part of the tortfeasor "deterred the person injured from instituting suit within the statutory period of limitation." Id. at 755.

3. As husband and wife, Beller and Tilbrook enjoyed a confidential relationship. *Sumner v. Sumner*, 121 Ga. 1, 6 (5) (48 SE 727) (1904); OCGA § 23-2-58. Thus, Tilbrook was entitled to repose confidence and trust in Beller. *Adair v. Adair*, 220 Ga. 852, 855 (142 SE2d

251) (1965). More specifically, "[t]he relationship entitled her to accept his word without question." Id.

4. Because Beller failed to admit the truth to Tilbrook, as the confidential relationship demanded, he was guilty of a false representation. Id. That falsehood deterred Tilbrook from instituting suit and tolled the statute of limitation. *Dalrymple*, supra.

5. In explaining how and when she learned that Beller infected her, Tilbrook testified: "It was the end of 1999 or the beginning of 2000, I can't remember exactly, and I thanked him for finally telling me what I had known for six or seven years at that point." Beller asserts that Tilbrook's testimony shows that her claim is barred by the statute of limitation because, despite Beller's denials, Tilbrook knew all along that Beller was the source of her infection. We disagree. Viewing the evidence and Tilbrook's testimony as a whole, the trial court was authorized to conclude that Tilbrook never really "knew" anything. She only "suspected." (If she had actually known the truth, she would not have continued to question Beller during the course of the marriage.) And because she was entitled to rely on Beller's denials, see Division 3, it cannot be said that she failed to exercise due diligence in discovering the cause of action sooner. See *Dalrymple*, supra.

6. The trial court did not abuse its discretion in awarding alimony to Tilbrook. See *Brock v. Brock*, 228 Ga. 500 (186 SE2d 537) (1972).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 28, 2002 —
RECONSIDERATION DENIED NOVEMBER 22, 2002.

*Martin L. Fierman*, for appellant.
*Brenda H. Trammell*, for appellee.