Ruffin, C. J.
 

 We think his Honor put the case upon the true ground, and that the judgment must be affirmed. The", correct distinction is stated in the case ot
 
 Merriweather
 
 v
 
 Nixon,
 
 8 T. R. 186, which has been cited for the defendant. The particulars of that case are not given in the report, but the injury must have been forcible and wanton. For Lord Kenyon, after recognizing the general rule, that there could be no contribution between joint wrong doers, nor, of course, redress upon a contract to do an unlawful thing, distinguishes that case from one, in which there could be redress, by saying “ that decison would not effect cases of indemnity, where one man employed another to do acts, not unlawful in themselves for the purpose of asserting right.” If it were not so, no one could ever expect assistance in enforcing his rights by means, even the most peaceable, which would subject the parties to an action sounding in
 
 tori,
 
 and an end would be put to indemnities. For, it the right be with the person indemnifying, there is no need of the indemnity ; and if it turn out to be in another, who recovers for the injury, the rule would make the indemnity void. But when* the object is apparently in furtherance of justice and in the j exercise of a right, and the means are notin themselves j criminal, and not known by the person employed to be'; wrongful to a third person, there can be no objection to giv- ■] ing effect to a contract to save harmless, one, who, from ; good motives, did an act for his employer, which, contrary , to his expectation, happened to be an injury to a third per- i son. That is not like the perpetrator of an act, manifestly unlawful and criminal, seeking redress against the procurer. Indemnities for acts apparently light, or not apparently ' wrong, have always been upheld.
 

 As long ago as the case of
 
 Arundel
 
 v Gardner, Cro. Jac. 652, it was held that an action would lie for the sheriff, on a promise of indemnity, made by an execution creditor
 
 *541
 
 for levying on goods, as the property of the defendant in the execution, which were in the possession oí another person, who was in fact the owner. The same doctrine has been recently held by the House of Lords, in
 
 Humphreys
 
 v
 
 Pratt, 2
 
 Dow. & Clarke, 288. It, in truth, such a seizure by the sheriff were a wanton act in him, well knowing that the property was in the possessor and not iu the debtor, and made for the purpose of harrassing the former, he, as purely a wrong-doer, could receive no countenance from the law.— But when it is made upon the assertion of the creditor, that the goods are the property of his debtor and liable to be seized, the conduct of the sheriff is fair, and being for the benefit of the creditor, it is manifestly just that the latter should make good his promises, that the officer should not be a loser by such an act. There have been other cases which have further extended the principle. In
 
 Adamson
 
 v
 
 Jarvis,
 
 4 Bing. 66, the plaintiff, an auctioneer, sold goods under the order of the defendant, who represented himself to be entitled to them, and received the proceeds from the auctioneer, from whom, however, the true owner afterwards recovered the value, and it was held, that the action would lie to recover back the damages and costs. Chief Justice Best thus expressed himself, “ Every person, who employs another to do an act, which the employer appears to have a right to authorize, undertakes to indemnify him for all such acts as would be lawful, if the employer had the authority he pretends to have, and a contrary doctrine would create great alarm.” He added, “ that from the concluding part .of Lord Kenyon’s judgment, in
 
 Merryweather
 
 v Nixon, and from reason, justice and sound policy, the rule, that wrongdoers cannot have redress against each other, is confined to cases, where the person seeking redress must be presumed to have known, that he was doing an unlawful act.” In
 
 Betts & Drewe
 
 v
 
 Gibbins, 2
 
 Adol & El. 57, the defendant sold ten casks of goods to N. & W. and sent them to the plaintiffs, with notice that they were for N. & W., and with directions to deliver them. After delivering two casks, the plaintiffs were ordered by the defendant, and indemnified
 
 *542
 
 not fo deliver any more to N. & W., but to deliver the remainder to another person — which they did. The plaintiffs were then sued in trover by the assignees of N. & W., who ^ad become bankrupts, and, for the damages and costs in that action, the plaintiffs then sued the defendant, and had judgment. Lord Denman said, supposing there was a
 
 bona Jide
 
 doubt, the plaintiff had a right to act upon the instructions of the defendant, and might come on him for the consequences of so doing. He further said, that the case of
 
 Merryweather
 
 v
 
 Dixon
 
 had been strained beyond what the decision would bear, that the general rule is, that, between wrong-doers there is neither indemnity nor contribution, but there is an exception, where the act is not clearly illegal in itself. And one of the other judges remarked, that the case bore no analogy to those, in which an indemnity is claimed for acts obviously unlawful, like breaches of the peace, or to cases in which the conduct of the parties is in contravention of public policy. In the case at bar, the defendant claimed to be the owner of land up to a particular line, and ordered the plaintiff, who was in his employment, to set his fence to the line* and the plaintiff, simply for obedience to those orders and without having committed any public offence, and being innocent of any intentional wrong to any other person, has been compelled to pay damages and costs for the trespass, to a person who turned out to be the owner of the land, and now sues on the defendant’s express promise of indemnity. Surely no claim could have a broader foundation of justice, or, as we think, law, to support'd. The verdict in the former action, acquitting the defendant, avails nothing here. It only shews, that the plaintiff in that action could not prove the present defendant’s orders, or indemnity to the -, present plaintiff. But, as between the present parties, those
 
 {
 
 facts were not in issue before, and therefore neither is con-eluded.
 

 Pee CuRxam. -Judgment affirmed.