No. 29.—JOSHUA R. BULLOCK, plaintiff in error, *vs.* JOHN G. WINTER, defendant in errror.

[1.] When a party liable over as transferrer to the transferree of a promisory note, is notified of a plea of failure of consideration filed by the ma ker, in a suit brought by the transferree thereon, he, the transferrer, is a privy in law to the judgment rendered against the plaintiff on such plea, and is concluded thereby, and if afterwards the transferrer is proceeding at Law to enforce security against the transferree, taken in payment for the note, Equity will relieve the transferree to the extent of such failure of consideration, by injunction and decree.

Bullock *vs.* Winter.

In Equity, in Muscogee Superior Court.   Decision by Judge IVERSON, May Term, 1851.

The question in this case arose upon a motion to dissolve the injunction upon the coming in of the answer.

The Bill filed by Winter, charged that in 1837, Bullock, then and now a citizen of North Carolina, sold to Morrison & Harrison, of the County of Richmond, State of Georgia, two race horses, Kite and Southerner, for the sum of $2900 and warranted them to be sound; that Morrison & Harrison gave their note, due 1st of Oct. 1837, for the purchase money; that at the time of the sale, Southerner, one of the horses, was unsound and worthless—a fact known to Bullock; that in 1839 Winter discounted the said note for Bullock, giving him therefor, in part payment, a draft on Stark & Pearce, of Fayetteville, North Carolina, at three months, for $1400; that suit was brought on said note, against Harrison & Morrison, to which a plea was filed of partial failure of consideration—which plea was finally sustained, and a verdict obtained only for one half of said note; that Bullock was notified of the plea, and promised to aid in resisting the same, by procuring certain testimony, which he failed to do; that Bullock had commenced suit on the draft. The bill prayed an injunction.   It was alleged that Winter had *no knowledge* of the warranty of the horses, when he purchased the notes.

The answer admitted that Bullock sold the two race horses, Kite and Southerner, in 1837, to Morrison & Harrison, for the sum of $2950; fifty in cash, and a note for $290; Kite valued at $1975, and Southerner at $975; that there was given a general warranty of soundness; that Southerner was perfectly sound, except an injury in one of his fore feet, received a few days before, in a race at Charleston, well known to the purchasers at the time of the sale, and admitted by them to be trifling and of no consequence; that this injury was not intended to be covered by the warranty, that he afterwards was run in several races, and won some of them. The answer admitted the transaction as to the discount of the note, &c. by Winter, to be as stated, and that Winter knew nothing of the warranty; that the

facts stated as to the suit by Winter against Morrison & Harrison were correctly stated; that defendant was notified of the suit and the defence, and that a commission to examine one Harrison was sent to him by mail, which he did not have executed, because "he was unwilling to take upon himself the trouble of attending to the business." But defendant notified Winter that the defence was untrue, and that Harrison would prove it, and defendant denied that he ever undertook or promised to undertake the management or control of the suit.

The Court refused to dissolve the injunction, and this decision is assigned as error.

H. HOLT, for plaintiff in error.

BENNING, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] This cause has been before this Court once before, upon a demurrer to the bill. Two facts were settled upon that writ of error, which are now to be noted. One was, that Bullock's having warranted the horses to be sound, was not known to *Winter* when he purchased the note upon Morrison & Harrison. The other was, that Bullock being cognizant of the unsoundness of one of the horses, did not, when he sold the note to Winter, communicate that fact to him. Upon the concession made by the demurrer, that these facts were true, this Court ruled that Bullock was liable over to Winter for any loss which he might sustain by reason of a failure of consideration, pleaded to their note by Morrison & Harrison, and that Equity would relieve him against the draft, which he gave in part payment for their note, to the extent of such failure. (6. *Geo. R.* 320.) We now meet the case after the answer has come in. The facts upon which the decision of this Court was based, upon the former hearing, are substantially admitted by the answer. The defendant does not deny that he warranted the horses to be sound, but admits that he did warrant them—he admits that he knew

of an injury to one of the horses, and he does not deny that Winter traded for the Morrison & Harrison note, without knowledge of the warranty, and of the unsoundness. The judgment of this Court, therefore, upon the demurrer, that according to the facts of the case, Bullock, the transferrer, is liable over to Winter, the transferree, for loss sustained by a failure of consideration, pleaded to the Morrison & Harrison note, stands. We start in this inquiry with that point granted.

The answer, however, whilst it admits an injury. to one of the horses (Southerner,) states that it was a trifling injury, in one of his forefeet, received a few days before, in a race at Charleston, well known to the purchasers at the time of the sale, and admitted by them to be trifling and of no consequence, and that the horse afterwards ran several races, and won some of them. Upon these statements it assumes that this injury was *patent*, and was not intended to be, and is not in fact covered by the warranty. Upon this ground thus taken in the answer, it is claimed that Bullock was not liable over to Winter, upon the transfer of the Morrison & Harrison note, for a failure of consideration ; that Winter has no equity, and that the injunction ought to be dissolved. Whether according to the statements made in the answer, the injury to the horse Southerner, be a patent defect, which by the rules of law, applicable to this subject matter, is not covered by a general warranty, we have no occasion now to decide. The plaintiff in error, Bullock, admits in his answer, that he was notified that Morrison & Harrison had pleaded a partial failure of consideration to their note, in a suit brought against them by Winter, and that he aided to some extent, in resisting it. Then he did or he did not make this question. If he did, there was a judgment of the Court against him (for the defence prevailed) and it is *res judicata*; if he did not, being notified, it was his duty to make it, and cannot now profit by his laches. He has had his day in Court—he has been heard, or he might have been heard. The question as to failure of consideration, as to the character and extent of his warranty, is not now open. Winter is concluded by the judgment against him on the plea, and Bullock, being notified, is a privy in law with him, and is

also concluded.    He is estopped from denying, on any ground, that there was a failure of consideration, because the judgment of a Court of competent jurisdiction, to which he was a privy in law, has found that there was  a  failure of consideration to the amount of one half the purchase money.

By the judgment of the  law, Winter  has no right  to  collect one half  of  the note which he bought of Bullock.    Bullock, by notice, being privy to that judgment, and now in the act of enforcing the draft upon Winter, which he received from him, in part payment for the note, Winter is entitled, in our judgment, to relief in a Court of Equity, against its enforcement.    We consider the law as to the estoppel of Bullock, under these circumstances, to be well settled.    A question has  been  made  in  the  books whether he would not be concluded without notice.    We do not hold that he would be, but being warned  to appear and  defend, we hold that he  has had his  day  in Court, and is concluded. See this  doctrine discussed in *Brown vs. Chaney*, 1  *Kelly*,  412, and the numerous authorities there cited.

Let the judgment be affirmed.