### 1072. McARTHOR *et al. v.* OGLETREE *et al.*

1. Where one of the parties to an action vouches a third person to participate in the suit, on the ground that he is a party at interest, before the voucher can invoke the judgment in that case as an estoppel against the vouchee in a subsequent action instituted between these two, it must aliunde appear that as to the cause of action upon which, by legal necessity, the original judgment was based, the voucher in fact had an action over against the vouchee; except in those cases where the prior judgment necessarily, under the particular facts, also establishes this relationship.

2. Whenever, in a suit by the voucher against the vouchee, it appears that the former does in fact have a lawful and enforceable right of action over (whether by contract or by operation of law) against the latter as to the cause of action upon which a prior judgment has been rendered,

that judgment is conclusive upon the vouchee as to those matters and facts which, under the pleadings in that case, the vouchee would have had the right to prove and urge in resistance to the judgment as rendered.

Action upon bond, from city court of Atlanta—Judge Reid. January 27, 1908.

Argued May 5,—Decided June 18, 1908.

McArthor and the other plaintiffs were the owners of a building occupied by tenants, in the city of Atlanta. Desiring to have the building remodeled and enlarged, they employed one McGilvray, as contractor, to do the work. In his contract McGilvray agreed to be responsible for any damage done to other persons through the construction of the work and to hold the property owners harmless. The price of the work was increased by reason of the fact that the building was occupied by tenants and that the contractor agreed to carry on the work with due care and in such manner that the tenants could continue to do business. Ogletree signed a bond guaranteeing that McGilvray would perform his contract in all respects. During the progress of the work the building collapsed. The tenants sued the property owners for the damage to their stock and to their business caused by the collapse; and they alleged in their suit that the collapse was occasioned by the improper and negligent manner in which the work of repairing and remodeling the building was done. McGilvray and Ogletree were duly notified of the pendency of this action and were vouched into court to defend it. A verdict was recovered against the landowners by the tenants. Thereupon the landowners filed the present action against McGilvray and his surety, Ogletree, seeking repayment of the sums they were required to pay out in settlement of the judgment. The case came to this court on the sustaining of a demurrer to the plaintiff's petition. The judgment of the lower court was reversed. In the report of the case as it appeared in this phase (1 *Ga. App.* 643) there is a fuller statement of the facts than is here made. Upon the case proceeding to trial in the city court, the plaintiffs introduced in evidence the contract between the parties, the suit brought by the tenants, and the notice vouching the present defendants. It was admitted that judgment against the present plaintiffs was duly rendered and that it was paid off by them. The defendants pre-

sented no proof and the judge directed a verdict against Ogletree, McGilvray having previously been discharged in bankruptcy. Ogletree made a motion for new trial, on the general grounds; he especially set up that the court erred in directing a verdict against him, because the plaintiffs' proof was not sufficient to sustain a case. The trial judge granted this motion for new trial, saying in the order: "The judgment obtained by Morse, Williams & Company against H. W. McArthor et al. is conclusive against the defendants in this suit as to the amount thereof, and also as to the right of Morse, Williams & Company to recover. Beyond that it is only prima facie evidence, and the defendants in this suit have the right to show, if they can, that the injury complained of was not due to their fault, or that the plaintiffs in this suit were also at fault. In other words, while the Morse, Williams & Company judgment is conclusive to the extent stated, these defendants have a right to show, if they can, that they are not liable for the amount which it is established by the judgment Morse, Williams & Company had the right to recover against the plaintiffs in the suit. For the reasons above stated, which seem to me to be supported by the authorities I have examined, I am quite clear that error was committed in directing a verdict for the plaintiffs in this case, and the motion is granted and a new trial ordered on that ground." The plaintiffs bring error to the granting of the new trial.

*Westmoreland Brothers, J. N. Bateman,* for plaintiffs.

*Mayson & Hill,* for defendants.

POWELL, J. (After stating the foregoing facts.)

Section 5234 of the Civil Code, which provides, "Where a defendant may have a remedy over against another, and vouches him into court, by giving notice of the pendency of the suit, the judgment rendered therein will be conclusive upon the party vouched, as to the amount and right of the plaintiff to recover," is merely declaratory of the principle announced by the Supreme Court in the case of *Western & Atlantic R. Co.* v. *Atlanta,* 74 Ga. 774; and the language of that decision is an almost literal adaptation of what is said by the Supreme Court of the United States in the case of *Chicago* v. Robbins, 2 Black, 418 (17 U. S. (L. ed.) 298). This code section, while not exhaustive, states the law governing such cases with fair accuracy. Under it the person vouched into

court is bound by the judgment rendered, so far as the plaintiff's right to recover and the amount of the recovery are concerned, but before any application of this principle can be made, it must appear that the defendant in that suit is entitled to a remedy over against the person vouched. When the person vouched is sued the initial question arises, "Has the present plaintiff an action over against the present defendant on account of the matter involved in the former suit?" This question the former judgment has not concluded. To state it in slightly different language, "While a judgment against the person to be indemnified will be conclusive on the person responsible to him, so far as concerns the fact of the rendition of the judgment, its amount and the cause of action on which it was rendered, it will not determine the question whether or not the one person is in fact responsible to the other; nor will it preclude the person responsible over from setting up any defense which, from the nature of the action or the pleadings, he could not have interposed in the first action had he been a formal party to it." The first judgment conclusively establishes the relationships and liabilities existing between the original parties as to the cause of action asserted in the first suit, but does not determine the relationships and liabilities between the party vouching and the person vouched, as to that cause of action, except so far as those relationships and liabilities are necessarily involved in the first suit, and in the judgment rendered therein. The relationship between the voucher and the vouchee may arise by contract, express or implied, or by operation of law. When the relationship is contractual it is usually easier of ascertainment than in other cases. For example, the warrantor of the title of a defendant in an ejectment suit bears to the cause of action an express contractual relationship; if the judgment in the ejectment case goes against the defendant, it conclusively establishes against the person vouched as a warrantor that the title of the defendant has failed, but not the fact that the person vouched was a warrantor of it; the contract must be shown, to prove this. The unconditional transferor of a promissory note bears to the transferee and the cause of action asserted by him against the maker, in a suit on the note, an implied contractual relationship. If the transferor is vouched and a successful defense is asserted, the judgment concludes him from asserting that the defense was not meritorious.

*Bullock* v. *Winter,* 10 *Ga.* 214. In a suit brought against him by the transferee for indemnity on account of a failure to collect the note, he might plead that he did not make the transfer or that the defense arose after he made it—in other words might show that it was not a case in which the voucher had a case over against him. If the sheriff is ruled for the misconduct of a deputy, the latter, if vouched, is precluded by a judgment against the sheriff from asserting that he was not guilty of the misconduct forming the basis of the rule. *Holley* v. *Wallow,* 10 *Ga.* 158. But in a suit against him by the sheriff on that account he may show that he was not a deputy. In tort cases an action over sometimes exists; and then the rule is the same. See *W. & A. R. Co.* v. *Atlanta,* supra. The voucher, notwithstanding the judgment in the first suit, still has the burden of showing that the vouchee bears that necessary relationship to him and to the cause of action, as asserted in the original suit, essential to give an action over; and the vouchee may defend by showing anything which will negative the right of an action over. For example, in addition to a plain denial of the relationship he may show that the relationship, if contractual, was forbidden by law; as in the case of an agreement to indemnify a person in the doing of an act known to be criminal or contrary to good morals (see Ives *v.* Jones, 25 N. C. 538, and notes to the same case as published in 41 Am. Dec. 421); or if the asserted relationship arises out of the facts of the case and not by contract, he may show that in such relationships the law recognizes no action over; as in case of joint trespassers. See *W. & A. R. Co.* v. *Atlanta,* supra. As in other cases of estoppel by judgment, it is sometimes necessary to resort to parol evidence, to determine whether the cause of action on which the recovery was had in the first suit was the same cause of action (if any such at all exists) to which the vouchee was related. For example, a railway company is sued for negligently setting fire to property; the name of the employee by whom the damage was done is not stated in the petition; the defendant vouches one of its engineers. If the proof in the first case shows that the alleged negligent act was necessarily done by the particular engineer vouched, and not another, a judgment for the plaintiff in that suit establishes, as between the engineer and the company, the fact that he was negligent, and that the negligence caused the injury, and that the

damages were the sum found; and in an action by the company against the engineer for indemnity, this estoppel may be established by parol. If the pleadings and evidence in the first case left it doubtful or issuable as to whether the negligent act upon which the judgment was based was committed by this particular engineer or by another, or by the concurrence of him and another, the judgment would not per se bind him. If the plaintiff's petition alleged solely an act of negligence of the particular engineer, not concurring with any other alleged negligence of the master or of any other employee, and the case was distinctly and plainly of such a nature that proof on the trial that this particular engineer was not negligent would defeat a recovery, the judgment would preclude inquiry into this question, as between the company and the engineer. The vouchee, not being identified by the pleadings as a party at interest in the first suit, is not to be held so in any subsequent suit in which an attempt to estop him by the judgment is made, until it aliunde appears that he was in fact a party at interest; but when this fact is established he is bound as far as if he had been named in the pleadings as a party, but no further. In no event is he bound as to matters not necessarily concluded by the judgment in the first suit, as rendered under the pleadings and evidence.

We have discussed this question at some length because it has not been a frequent matter of adjudication in this State, and in no case has it been given anything like a full discussion. Applying these principles to the case at bar: If it was a case in which the property owners had an action over against McGilvray and Ogletree, the judgment in favor of the tenants concludes the following facts: that in making the improvements to the building in question, and through the negligent manner in which the work was done, the building collapsed and damaged the tenants in the sum fixed by the verdict, and that the relation between the alleged cause and these damages was such that the recovery was lawful and in all respects proper. It is not disputed that McGilvray and Ogletree were regularly vouched. It is not disputed that McGilvray was the contractor by whom the work was actually done and that if in fact the building collapsed through negligence in doing the work, it was necessarily the negligence of McGilvray, and not that of another. If as to this point there had been any dispute,

the judgment would not have settled it; but as. to this there was no dispute; for, though McGilvray says that he was not negligent, he does not deny that he was the immediate person responsible for the manner in which the work was done; and, therefore, if there was any negligence, it was his negligence. If the verdict of the jury and the consequent judgment in the original suit, under the pleadings in the case and the actual details and developments of the trial, could in legal contemplation rest on any theory of·fact other than that the damages recovered flowed out of the particular act or thing of which McGilvray was the author,— namely, the method in which the work toward the repairing of the building was done,—it would be issuable in the present suit ·whether McGilvray was negligent, and whether that negligence caused the injury. Under the copies of the pleadings in the former case, the contract between the parties, the admissions of the present pleadings, and the other facts appearing in the record before us, no. issue arose as to this question. It was established, therefore, by the judgment in the former suit, and by the evidence aliunde, that the plaintiffs in the present action were compelled by that judgment to pay out the amount thereof on account of the negligent manner in which McGilvray constructed the work, to the damage of the tenants in the building. Following this, the plaintiffs proved express contractual relationship between themselves and the defendants as to this very exigency. McGilvray had contracted, as this court pointed out in this case when it was previously before us (1 *Ga. App.* 643, 57 S. E. 1058), so to do the work that the tenant might continue business without injury; also to use proper care to do no injury to the stock or to any other thing the tenants might have in the building; also to indemnify the plaintiffs against any damage or loss they might sustain on account of failure in any of these respects; and for all these things Ogletree became his surety, and contracted to pay if he did not. Certainly this made a prima facie case as to every fact essential to a recovery by the plaintiffs; and so far as the record discloses, the defendants neither proved nor offered to prove anything in contradiction to any of these facts; the court therefore did not err in directing a verdict in favor of the plaintiffs, and did err when he set that verdict aside on the motion for a new trial.

*Judgment reversed.*