LOEB *v.* MAY.

No. 12402. SEPTEMBER 23, 1938.

*Watkins, Grant & Watkins,* for plaintiff.

*John I. Kelley* and *Edith Campbell,* for defendant.

GRICE, Justice. Mrs. Loeb, a vouchee in a bail-trover case involving title to a diamond ring, brought by Tatum against Lewis, undertook to vouch May in the same suit. In that suit Tatum prevailed and obtained the ring which Mrs. Loeb had purchased from May. Subsequently Mrs. Loeb brought the present suit against May. In the instant case it was stipulated that the ring which Mrs. Loeb purchased from May did in fact belong to May at the time of the purchase, that the ring never belonged to Tatum; but the ring recovered by Tatum was the same ring that May sold to Mrs. Loeb. She predicates her case against May on the contention that May was bound by the judgment in the case of Tatum *v.* Lewis. She obtained judgment against May in the trial court. Upon his motion for new trial being overruled, May took his case to the Court of Appeals, where the judgment was reversed. Mrs. Loeb applied to this court for a writ of certiorari, which was granted.

1. Counsel for Mrs. Loeb invoke section 38-624 of the Code of 1933, which reads as follows: "Where a defendant may have a remedy over against another, and vouches him into court by giving notice of the pendency of the suit, the judgment rendered therein shall be conclusive upon the party vouched, as to the amount and right of the plaintiff to recover." Counsel for May, however, take the position that the right to vouch another into court is by the terms of the section given to a defendant, and by inference to a defendant only, and that a person who is a mere vouchee, and not a defendant, can not make another bound by vouching him into court, where the subject-matter of the suit is personalty. For reasons which will presently appear, a ruling on that point is not necessary to the decision we are about to make, and therefore an expression of our view thereon would be obiter.

2. As was said by the Court of Appeals in *Raleigh & Gaston R. Co.* v. *Western & Atlantic R. Co.,* 6 *Ga. App.* 616 (65 S. E. 586), quoted approvingly by this court in *Usry* v. *Hines-Yelton Lumber Co.,* 176 *Ga.* 660, 667 (168 S. E. 249), the section of the Code hereinbefore referred to "is not of statutory origin, but is simply an adaptation of the language employed by the Supreme Court in the cases of *Western & Atlantic R. Co.* v. *Atlanta,* 74 *Ga.* 774; *Faith* v. *Atlanta,* 78 *Ga.* 779 (4 S. E. 3). By an examination of the sources from which the Code section was adopted, it will be seen that it is merely a statement of a well-known common-law principle, and that it was not the intention of the codifiers, by inserting it in the Code, to hedge it about with any unusual limitations or give to it any additional scope." The word "vouch" as used in the Code section means "to call into court to warrant and defend, or to make good a warranty of title, as in a fine and recovery." Webster's New International Dictionary. If vouched into court as under the law contemplated, he is bound by the judgment to the extent indicated in the Code section, whether or not he participates in the defense of the suit. The courts are not in accord as to whether it is essential that the notice be in writing. In England and the Canadian provinces the courts have by rule adopted what is known as third-party procedure. Under it, a defendant may by leave of court issue a third-party notice to bring into the case a third person who is not a party to the action, and against whom the defendant claims to be entitled to contribution or indemnity. This third-party notice, served on the third party, is in writing. 47 C. J. § 274. When we remember the serious results which follow an avouchment, i. e., concluding the party vouched as to the amount and right of the plaintiff to recover, as effectively as if judgment were actually rendered against him in the pending suit, and the importance of having indisputable evidence of his having been vouched, it seems to the writer that those decisions holding that the notice must be in writing are based on sounder reasoning than those which take the opposite view; but whether it is essential that the notice be in writing is a question not necessary to be decided in the instant case. We will assume, for the purposes of this case, that an oral notice will suffice, if otherwise sufficient. Mrs. Loeb and May differ somewhat as to what the oral

notice contained. On that subject, she testified: "About two months after I bought this ring from Mr. May, I went up to pay the interest to Mr. Lewis [from whom she borrowed money on the ring], and he said, in a laughing way, 'A man has been up to claim that ring for the reason that it has been stolen from him.' About two days later he called me and said that a bail-trover had been taken for the ring, and it was out of his possession, by a man who said it didn't belong to Mr. May but who said it belonged to him, and he took it away, and it belonged to the sheriff. Then I went down and told Mr. May that the ring had been taken away from Mr. Lewis. Mr. May said, 'Don't worry. I will call Mr. Mayer' (an attorney), which he did. I went to Mr. Mayer's office when Mr. May sent me up there. All of this transpired before the case of Tatum versus Lewis."

May's testimony was: "I had a conversation with Mrs. Loeb after the suit had been filed in the Tatum case. Mrs. Loeb came to see me and told me such a case was pending; a bail-trover case was pending for that ring. I says, 'I think that is all nonsense. You know the ring, and I have the right before that fellow claims he lost the ring, and I don't think you will have any worry about that ring.' She says, 'What shall I do?' I said, 'Go on and see an attorney.' And she said, 'Who would you suggest?' And I suggested that she go out and see Albert Mayer; and that is the last I heard of it. Absolutely, I did not employ Albert Mayer and did not authorize anybody to employ him for me, and have paid him no fee whatsoever. When I was in court the evidence was taken down by a reporter; and I was asked in that case in Mrs. Loeb's presence what interest I had in the case, and I replied that I was merely a witness. I had nothing else to do with the case. I stated that in that case under oath. Mrs. Loeb never asked me to come into court in any capacity except as a witness." We see in this a notice to him of the pendency of the suit, but no request from her to him that he defend the suit. When it is sought to bind a third party by a judgment in a suit to which he is not a party, he should be given a more formal notice than that shown by the testimony quoted above, with a demand that he appear and defend; and this should involve the right of the party vouched not only to appear, but to take charge of and direct the litigation. A mere notice, unless it involves the right

to direct the defense, is little more than an empty gesture, since the voucher and the vouchee and their counsel may differ as to the proper method of defense. Is it sufficient to bind him that he merely be given notice of the pendency of the suit? Our Code section says nothing about a request to defend the suit. This, however, is not conclusive of the fact that such a requirement should not be read into it. Compare *Harvey* v. *Buchanan*, 121 *Ga.* 384 (49 S. E. 281). Without the assent of the defendant in the suit he has no authority to come in and assume the conduct of the defense. Mere knowledge of the pendency of the suit would afford him no such opportunity. There may be found certain dicta and apparently some rulings to the effect that if one against whom a defendant has a remedy over merely has notice of the suit, he is bound by the judgment therein; but in our opinion they are not sound. In the note appended to the report of *Morgan* v. *Haley*, in 13 L. R. A. (N. S.) 732, 736 (107 Va. 331, 58 S. E. 564, 122 Am. St. R. 846), it is said: "Mr. Rawle, in his work on Covenants for Title, 5th ed., §§ 117-125, upon a review of the cases, reaches the conclusion that the weight of authority is in favor of the view that there must not only be a distinct and unequivocal notice of the suit given to the party bound by the covenant, but he must also be requested to appear and defend it. And this would seem to be the better doctrine, upon reason as well as upon authority. No one, it would seem, on familiar principles, ought to be bound by a proceeding to which he is not a party actually or constructively. The covenanter is not actually a party. If, upon mere notice of the suit, he would be authorized to come in and assume the conduct of the defense, so far as proof of his own title was concerned, there might be, as was said in Somers v. Schmidt, 24 Wis. 420, 1 Am. Rep. 191, 'some reason for holding him bound by such knowledge. But without the assent of the defendant in the suit he has no such authority. It is res inter alios acta; and if he should apply to the court for permission to defend, the defendant not having voluntarily offered it, the answer would be that he had no occasion to do so, since his rights could not be affected by the judgment.' "

There are many authorities to the effect that if one who could have been properly vouched, but who was not, actually appeared at the trial and made defense, he is bound by the proceedings; and

it is insisted by counsel for Mrs. Loeb that under this principle May is bound. The facts in this record are not such as to make the principle applicable. May appeared at the trial as a witness. He testified that he was not represented by counsel, and the counsel who it is claimed was employed by May swore that May did not employ him. Nobody swore to the contrary. The able and conscientious attorney who assisted other counsel in the case did so through a misunderstanding as to who had employed him. That May paid one half of the fee for reporting and writing out the evidence does not prove that he was in court as a party conducting the defense. We are of the opinion that the Court of Appeals was right in holding that May was not concluded by the judgment in Tatum v. Lewis as to the amount and the right of the plaintiff to recover.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*