## SOUTHERN RAILWAY CO. *v.* ACME FAST FREIGHT INC.

No. 13927.   MARCH 14, 1942.

*Neely, Marshall & Greene* and *Edgar A. Neely Jr.*, for plaintiff in error.

*Hugh G. Head Jr.*, and *Hooper, Hooper & Miller*, contra.

JENKINS, Justice. "Where a defendant may have a remedy over against another, and vouches him into court by giving notice of the pendency of the suit, the judgment rendered therein shall be conclusive upon the party vouched, as to the amount and right of the plaintiff to recover." Code, § 38-624. To "authorize the voucher to give another (the vouchee) notice of the pendency of

the suit and require him to come in and defend it, so that the judgment obtained therein will be conclusive upon the vouchee as to the amount and the right of the original plaintiff to recover, [there] must be such a remedy over against the vouchee as that the issues in the two suits would be practically identical, both on the question of liability and the question of the amount of damages." *Usry* v. *Hines-Yellon Lumber Co.*, 176 *Ga.* 660, 667 (168 S. E. 249); *Raleigh & Gaston R. Co.* v. *W. & A. R. Co.*, 6 *Ga. App.* 616 (65 S. E. 586). Whether or not, in the first-mentioned suit by Rockland Clothing Company against Saul, the attempted avouchment of the Southern Railway Company by Acme, which was not a defendant but itself a vouchee, was permissible under the statute and the rule just stated, need not here be determined (see *Loeb* v. *May,* 186 *Ga.* 742, 744, 198 S. E. 785), since in the second suit, provided Acme had a remedy over against the Southern, such avouchment was proper. If Acme did in fact have a remedy over against the Southern, then under the Code section quoted its avouchment by Acme would render the finding in the suit of Saul against Acme conclusive against the Southern as to the liability and the amount of liability by Acme to Saul; and upon such right to a remedy over being subsequently established by aliunde proof, the Southern would be liable to Acme in the amount of the judgment which had been entered against it.

The issue as made in the suit of Saul against Acme was whether the defendant Acme was liable to the plaintiff Saul; and if so, in what amount. Assuming that the defendant Acme might have a remedy over against the Southern, the railway would not be bound by the adjudication as to Saul's right to recover against Acme or as to the amount of the recovery, unless the defendant had been given the right to come in and defend the suit by being vouched into court. By the terms of the quoted Code section, when a person against whom a defendant has in fact a remedy over has been thus vouched, and such remedy over has been actually established by aliunde proof, the vouchee thereby is bound by the previous judgment establishing the liability of the original defendant and the amount thereof; and this is true with respect to any and all defenses which the voucher or vouchee either made or could have made to prevent a recovery by the plaintiff in the former suit. But the mere avouchment of a third person by a defendant to a suit, under

the claim of a remedy over against him, and the failure of the vouchee to respond, does not adjudicate the validity of such claim of the voucher against his vouchee. The previous judgment does not determine whether the voucher's claim over against the vouchee was in fact good or bad. *Charleston & Western Carolina Ry. Co. v. Union Warehouse & Compress Co.,* 139 *Ga.* 20 (1, 2) (supra); *McArthor v. Ogletree,* 4 *Ga. App.* 429 (61 S. E. 859). The underlying purpose of the rule which permits the vouching of another into court to defend a suit, where the defendant claims that the vouchee would in turn be responsible to him for any recovery had, is to conclude the vouchee upon the question of the voucher's liability to the original plaintiff and the amount of such liability; thus leaving for future determination only the one other question as to whether or not the vouchee is in fact liable over to the vouching defendant. The vouchee acts at his peril in failing to come in and defend to the extent that if, after being vouched, he fails to respond or refuses to protect his interest, and should thereafter be held liable over to the voucher, he will not thereafter be permitted to question "the amount and right of the plaintiff to recover" in the original suit. But while, under the language of the Code, he is thus precluded from contesting these questions, the burden is still on the voucher to establish by aliunde proof his remedy over against the vouchee, in order to avail himself of the vouchee's inability to deny that the voucher was liable as adjudged in the original suit.

Despite the rule we have indicated, it may, however, well be conceived that the vouchee under the particular facts of a case may also be precluded by the original suit as to the additional question of his own liability over to his voucher. This would seem true in a case where, upon being vouched into court, his response as made by his own pleading or his actual procedure in his conduct of the case necessarily establishes his own liability over to the original defendant for any recovery which might be had against that defendant. See *Loeb v. May,* supra.

In the instant suit by Acme Fast Freight against the Southern Railway Company as delivering carrier, it appears that in the previous suit of Saul *v.* Acme, in which the Southern was vouched into court by the defendant Acme, the Southern had made no response. The basis of the ruling by the Court of Appeals in the instant suit, in reversing the judgment of the trial court and in adjudging that

the Southern was liable to Acme as a matter of law in the amount of the previous recovery by Saul against Acme, was that the previous suit adjudicated against the Southern, not only the question of Acme's liability to Saul and the amount thereof, but the additional question of the Southern's liability to Acme. Since the ruling of the Court of Appeals is grounded solely on that proposition of law, which this court deems to be erroneous, and since the assignments of error by the petitioner for certiorari to the ruling of the Court of Appeals present for review only that question of law, the judgment of the Court of Appeals will be reversed, without any determination being made by this court as to the additional question whether the aliunde proof of record in this case did or did not demand a finding that the Southern as delivering carrier was liable to Acme under the Hepburn act and the subsequent amendments thereto. 49 U. S. C. A. § 20, par. 11. That question, not having been passed upon by the Court of Appeals, remains open for determination by that court under the exceptions to the refusal of a new trial, brought to that court. The remaining question, which the adjudication by this court now makes it necessary for the Court of Appeals to determine, is whether or not from the aliunde proof a holding by it is demanded that the trial judge erred in finding in effect that Acme had failed to show that the loss occurred subsequently to the delivery of the goods by Acme to the Pennsylvania Railroad as initial carrier. As to the decision of this court being confined to questions presented by the assignments of error in the petition for certiorari, see Certiorari Rule 45, Code, § 24-4549, *Simpson* v. *Bradley*, 189 *Ga.* 316 (6), 320 (5 S. E. 2d, 893), and cit.   *Judgment reversed. All the Justices concur.*