35475.   MASTERS *v.* PARDUE *et al.*

Decided February 23, 1955—Rehearing denied March 18, 1955.

*Irwin R. Kimzey, Kimzey & Kimzey, Herbert B. Kimzey,* for plaintiff in error.

*Kimzey & Crawford,* contra.

FELTON, C. J. The plaintiff sued United States Fidelity & Guaranty Company on a sheriff's official bond. The bond was a joint and several obligation, and the plaintiff had the right to proceed against the surety alone without joining the sheriff. *Jefferson* v. *Hartley,* 81 *Ga.* 716 (9 S. E. 174). The sheriff petitioned the court to be made a party defendant. The court by order made the sheriff a party defendant to the record; allowed him to file defensive pleadings, and to conduct himself as a party defendant during the trial; instructed the jury to return a verdict either for or against the "defendants"; and the jury returned a verdict for the "defendants." A vouchee may set up any defense which would tend to relieve either himself or the voucher from liability in the action then pending. *Raleigh & Gaston R. Co.* v. *W. & A. R. Co.,* 6 *Ga. App.* 616 (65 S. E. 586); *Acme Fast Freight, Inc.* v. *Sou. Ry. Co.,* 65 *Ga. App.* 647 (16 S. E. 2d 62). However, Code § 38-624, relating to vouchment, is not authority for making a vouchee a party defendant to the action against the wishes of the plaintiff. The sheriff cannot be considered an intervenor. "The only provisions in our Code for intervention are: as to creditors who may have claims to a fund raised by a creditor's bill, which is in the custody of the court (Civil Code § 4845) [Code § 24-2613], persons properly seeking to assert equitable remedies against assets in the hands of a receiver (§ 4903) [§ 24-2802], holders of liens on property in the hands of a re-

ceiver (§ 4911) [§ 24-2810], and persons interested in funds in the hands of an officer, subject to distribution upon a money rule (§ 4776) [see § 24-1701]. It will be observed that the interventions referred to in our Code are not only confined to causes of an equitable nature, but they all have application to a *res* which is to be the subject matter, in the court's direction and judgment. We are not aware of any statute of this State by authority of which a person has the absolute *right* to intervene as a party defendant in an action [at law] in personam." *Armour Car Lines* v. *Summerour*, 5 *Ga. App.* 619, 622 (63 S. E. 667). For the rule in equity cases see Code § 37-1005.

The only questions resolved against a vouchee who is properly vouched into a case are the right of the plaintiff to recover and the amount recoverable. A judgment either for or against the vouchee cannot be entered in the case. The question of whether the vouchee is liable over to the voucher is still an open one. *Armour Car Lines* v. *Summerour* (supra) at p. 622. The plaintiff is in no way concerned with a vouchment. It is an estoppel principle involving only the voucher and vouchee. The right of the plaintiff to proceed solely against a surety alone on a joint and several obligation cannot be abridged by a vouchment between the surety and the principal.

It does not appear from the record that the error was harmless, and we cannot say as a matter of law that it was harmless.

The error rendered all further proceedings nugatory.

The court erred in making the sheriff a party defendant over the objection of the plaintiff.

*Judgment reversed. Quillian and Nichols, JJ., concur.*