### 18969. PARDUE *et al. v.* MASTERS.

ALMAND, Justice. After a careful study of the record in this case, and of the decision of the Court of Appeals (*Masters* v. *Pardue,* 91 *Ga. App.* 684, 86 S. E. 2d 704), we are of the opinion that that court did not err in the judgment rendered.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., Candler and Hawkins, JJ., who dissent.*

ARGUED JUNE 13, 1955—DECIDED JULY 13, 1955—REHEARING DENIED JULY 25, 1955.

*Kimzey & Crawford, Linton K. Crawford,* for plaintiffs in error.

*Herbert B. Kimzey, Kimzey & Kimzey, Irwin R. Kimzey,* contra.

CANDLER, Justice, dissenting. I cannot agree with the ruling made by the majority in this case, and therefore dissent. Code § 38-624 provides: "Where a defendant may have a remedy over against another, and vouches him into court by giving notice of the pendency of the suit, the judgment rendered therein shall be conclusive upon the party vouched, as to the amount and right of the plaintiff to recover." As was said by the Court of Appeals

in *Raleigh & Gaston R. Co.* v. *Western & Atlantic R. Co.*, 6 *Ga. App.* 616 (65 S. E. 586), quoted with approval by this court in *Usry* v. *Hines-Yelton Lumber Co.*, 176 *Ga.* 660, 667 (168 S. E. 249), and *Loeb* v. *May*, 186 *Ga.* 742, 744 (198 S. E. 785), the quoted Code section "is not of statutory origin, but is simply an adaptation of the language employed by the Supreme Court in the cases of *Western & Atlantic R. Co.* v. *Atlanta*, 74 *Ga.* 774; *Faith* v. *Atlanta*, 78 *Ga.* 779 (4 S. E. 3). By an examination of the sources from which the Code section was adopted, it will be seen that it 'is merely a statement of a well-known common-law principle, and that it was not the intention of the codifiers, by inserting it in the Code, to hedge it about with any unusual limitations or give to it any additional scope." And the language of that section of our Code is an almost literal adaptation of what is said by the Supreme Court of the United States in the case of Chicago *v.* Robbins, 67 U. S. 418 (17 L. ed. 298). In *McArthor* v. *Ogletree*, 4 *Ga. App.* 429, 431 (61 S. E. 859), Judge Powell, speaking for the court, said: "This Code section, while not exhaustive, states the law . . . with fair accuracy. Under it the person vouched into court is bound by the judgment rendered, so far as the plaintiff's right to recover and the amount of the recovery are concerned, but before any application of this principle can be made, it must appear that the defendant in that suit is entitled to a remedy over against the person vouched." In *Brown* v. *Chaney*, 1 *Ga.* 410, 415, it is said: "Where a party has the right of recovery over secured to him, either by operation of law or express contract, and he has given the person responsible due notice of the suit, the judgment, if obtained without fraud or collusion, will be conclusive evidence for him, against such person, upon any fact established by it. The latter cannot be viewed in the light of a mere stranger, because he has the means of controverting the adverse claim as though he were the nominal and real party on record." And in the same case it was also said: "It would be a gross violation of the great principles of justice, to say nothing of the modern practice of all civilized nations, to deprive a citizen of life, liberty or property unheard." It has been held by this court, and the Court of Appeals that a person, when vouched into court under the provisions of the aforementioned Code section, is no longer a stranger to the cause and can right-

fully take charge of and direct the defense. See *Usry* v. *Hines-Yelton Lumber Co.*, *Loeb* v. *May*, *Raleigh & Gaston R. Co.* v. *Western & Atlantic R. Co.*, all supra. The opinion in the case last cited was prepared for the Court of Appeals by Judge Russell, and at page 622, it is said: "But in order for this principle to be applicable, the person vouched must have the same means of defense as he would have if the suit were proceeding directly against him. It was not the purpose of the law, in creating the right to vouch, to cut off the right of the vouchee to assert any defense which he might have had without it." The cases of *Bullock* v. *Winter*, 10 *Ga.* 214, *Lord* v. *Cannon*, 75 *Ga.* 300, *Taylor* v. *Allen*, 131 *Ga.* 416 (62 S. E. 291), *Southern Ry. Co.* v. *Acme Fast Freight*, 193 *Ga.* 598 (19 S. E. 2d 286, 140 A. L. R. 1118), and *Byne* v. *Mayor &c. of Americus*, 6 *Ga. App.* 48 (64 S. E. 285), clearly recognize a vouchee's right to file defensive pleadings. Concerning the status of one vouched into court, it was said in *Bullock's* case, supra: "He has had his day in court—he has been heard, or he might have been heard." And in *Lord's* case, supra, it was remarked: "Was Cannon [the vouchee] a party to this suit, legally or actually? . . To ask is to answer this question; he was, to all intents and purposes, vouched as the warrantor of the title and called on to defend this suit, and whether he acted upon the notice or not, he is bound by the judgment." By their brief, counsel for the plaintiff concede that Pardue, the vouchee, had a right to assume and conduct the defense, but they question and deny his right to come in as a party and file defensive pleadings. This position is untenable. Property rights of the vouchee were to be determined and adjudicated by the plaintiff's suit, and it would be unjust and contrary to our system of jurisprudence to bind a person by any proceeding to which he was not a party and where he had no opportunity of pleading a defense, offering proof in support of it, cross-examining witnesses, and no right of review if dissatisfied with the judgment. The right to be heard as a party before a court can legally pronounce judgment affecting his life, liberty, or property is a principle basically fundamental to our system of jurisprudence. A proceeding in court where a citizen's property rights are to be determined and adjudicated, as here, but where he is afforded no right to appear as a party, file his own pleadings,

offer proof in support of them, cross-examine witnesses and ask that an adverse judgment be reviewed, is completely foreign to our concept of law and justice. A law which authorizes procedure affecting personal or property rights of a citizen, but which fails to provide him a right to be fully heard, offends the due-process clause of our Constitution and the Constitution of the United States. A vouchment vitally affects the vouchee's property rights; and, under the constitutional requirement of due process, he must be afforded an unqualified right to be fully heard as a party to the affecting litigation. And it is elementary that strangers to pending litigation have no right to plead and be heard by the court. See *Smith* v. *Gettinger*, 3 *Ga.* 140, 142. It seems clear to us that a defendant's right to vouch is a means whereby he can legally bring in another against whom he has a remedy over as a party to the cause. To rule otherwise would be equivalent to holding that a court can determine and adjudicate rights of a person not a party to the proceeding. Since we are of the opinion that Pardue became a party legally, if not actually, when the original defendant vouched him into court to defend this action, it was not reversible error, if error at all, for the court, at his request, to make him a party of record by a formal order. We have not overlooked the fact that the original defendant filed separate defensive pleadings and was represented by an attorney who was not of counsel for the vouchee. In *Loeb* v. *May*, supra, it was said: "A mere notice [to defend], unless it involves the right to direct the defense, is little more than an empty gesture, since the voucher and the vouchee and their counsel may differ as to the proper method of defense." I am authorized to state that Chief Justice Duckworth and Justice Hawkins fully concur in all that is said in this dissent.