Gail SHAWE, an infant, by Annette
Shawe and Earle K. Shawe, and
Earle K. Shawe, Plaintiffs,

v.

WENDY WILSON, INC., a division of
Lewis Frimel Co., and Jaftex Cor-
poration, Defendants.

JAFTEX CORPORATION, Third-Party
Plaintiff,

v.

RANDOLPH MILLS, INC. and Iselin-Jef-
ferson Co., Inc., Third-Party
Defendants.

WENDY WILSON, INC., Defendant and
Third-Party Plaintiff,

v.

LEWIS FRIMEL CO., Inc., Third-Party
Defendant.

United States District Court
S. D. New York.

March 4, 1960.

See also 171 F.Supp. 117.

Richard Formidoni, New York City, for defendant and third-party plaintiff Jaftex Corp. Philip J. O'Brien, New York City, of counsel.

Mendes & Mount, New York City, for third-party defendant Randolph Mills, Inc. Norman C. Mendes, John J. Cullen, New York City, of counsel.

DIMOCK, District Judge.

Third-party plaintiff Jaftex Corporation moves under Rule 54(b) F.R.Civ.P., for an amendment of a judgment dismissing the third-party complaint as against third-party defendant Randolph Mills, Inc. The amendment sought is to make the judgment final and thus render it appealable. The judgment dismissed the third-party complaint on the ground that the court had no jurisdiction over the person of Randolph Mills, Inc.

This is the second motion for this relief made by Jaftex Corporation. On December 29, 1959, I denied the first on the ground that there was an appeal pending from the unamended judgment. My decision was expressed to be without prejudice to a dismissal of the appeal or other action of the Court of Appeals which would make renewal appropriate. The appeal has now been dismissed under date of January 8, 1960, and third-party plaintiff Jaftex Corporation renews the motion.

In denying the original motion I stated that I had come to the conclusion that the case was one where, if the judgment were made final, an appeal would lie to the Court of Appeals under the authority of Rao v. Port of New York Authority, 2 Cir., 222 F.2d 362. The Rao case has since been disapproved, however, by the decision of the Court of Appeals for the Second Circuit in Goldlawr, Inc. v. Heiman, 273 F.2d 729.

The present action is one for personal injuries alleged to have been suffered by the infant plaintiff when a pajama suit made of excessively inflammable material caught fire. It is alleged that the ma-terial was converted and manufactured by Jaftex Corporation. That defendant has brought in as third-party defendants Randolph Mills, Inc., and Iselin-Jefferson Co., Inc., alleging in its third-party complaint that it purchased the material from those third-party defendants and seeking judgment for any amounts for which judgment may be awarded against Jaftex Corporation.

■ Rule 54(b) reads as follows:

"(b) Judgment Upon Multiple Claims. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

The critical question upon this motion to make the judgment final is whether the judgment is one upon "one or more * * * of the claims" presented in the action within Rule 54(b). A judgment which dismisses a claim as to one party but leaves it standing as to another does not qualify as a judgment upon the claim for entry as a final judgment within the Rule. For instance a judgment dismissing a complaint for damages for conspiracy in violation of the antitrust laws as to a number of the defendants because the court had not obtained personal jurisdiction over them is not a judgment upon a claim; the claim still pends as against the remaining defendants. Steiner v. 20th Century-Fox Film Corporation, 9 Cir., 220 F.2d 105.

■ It was thought at one time that if the liability of the defendants was several there was a separate claim as to each and that therefore a judgment dismissing the complaint as to one defendant was a judgment upon a claim. That was the basis for Rao v. Port of New York Authority, supra. There the plaintiff in an accident case sought to hold two defendants jointly and severally as tort-feasors. The complaint was dismissed against one but, because the claim dismissed was a several one, the Court held that there had been judgment on "one of the claims" and there was scope for the entry of final judgment under Rule 54(b). The Court of Appeals for this circuit, however, in Goldlawr, Inc. v. Heiman, supra [273 F.2d 730], stated the rule that "in situations involving multiple parties but only a single claim, a 54(b) certificate is ineffective to make appealable a judgment dismissing the action against some parties but leaving it pending against others". The Court added that some decisions in the Second Circuit appeared to have taken a contrary view and cited as one the Rao case.

I gather, therefore, that it is not enough that the complaint seeks to impose several liability on each of the defendants. The claims themselves must be different. The complaint in the Rao case alleged that the two defendants were not only joint tort-feasors but were also several tort-feasors. This must mean not only that they joined in the commission of an unlawful act or omission which injured the plaintiff but that each was guilty by himself of a wrongful act or omission which injured the plaintiff. Still the Court of Appeals seemed to say in Goldlawr, Inc. v. Heiman that but one claim was alleged in the Rao case.

■ Thus the allegations in the case at bar of several acts by the two defendants Randolph Mills, Inc., and Iselin-Jefferson Co., Inc., do not mean that there are two claims. The third-party complaint alleges that any injuries for which third-party plaintiff may be held liable were brought about by the negligence of the third-party defendants "or either of them". It is alleged that the material was purchased by third-party plaintiff from the third-party defendants "each acting for itself or on behalf of the other". I cannot distinguish the case at bar from the disapproved Rao case. There is here but a single claim against multiple parties. There has been as yet no judgment upon the claim within the meaning of Rule 54(b).

Moreover, as will appear from the balance of this opinion, it is dubious whether any advantage would accrue to third-party plaintiff in a separation of its controversy with third-party defendant from its controversy with plaintiff.

The motion to amend the judgment by making it final must be denied.

Third-party plaintiff Jaftex Corporation moves also that I certify nunc pro tunc as of March 11, 1959, pursuant to section 1292(b) Title 28 U.S.C., that the order and judgment of March 11, 1959 involve a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Section 1292(b) of 28 U.S.C. reads as follows:

"(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order; *Provided, how-*

*ever,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

Two questions present themselves immediately. Can third-party plaintiff Jaftex Corporation make use of the provision here where it needs to overturn a judgment as well as an order and, second, has the time run out for the making of the required statement by the district judge? Both of these questions are answered by provisions of Rule 54(b) F.R.Civ.P. already referred to. It will be remembered that this provides that when more than one claim for relief is presented in an action, whether a claim, counterclaim, cross-claim, or third-party claim, the court may not direct the entry of final judgment upon less than all of the claims except upon an express determination that there is no just reason for delay. The present case is one where we have a claim and at least one third-party claim so that no final judgment can be entered except upon the express determination that there is no just reason for delay and where, as I have held above, the case is not yet ripe for final judgment upon any one claim as distinguished from judgment upon a claim as to one third-party defendant.

█ Rule 54(b) goes on, however, to provide that, in the absence of a determination that there is no just reason for delay and in the absence of an express direction for the entry of judgment, "any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims." The "order or other form of decision" in this case is one which adjudicates less than all of the claims. Indeed, it adjudicates only part of one claim—that part which is asserted against third-party defendant Randolph

Mills, Inc., and, as the rule provides, "the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

There has been no entry of judgment adjudicating all the claims so that there is still time to revise the judgment by setting it aside and to revise the order by setting it aside and entering a new order which will include a statement that the district judge is of opinion that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation within the terms of section 1292(b) of Title 28 U. S.C.

With the judgment set aside the difficulty that section 1292(b) purports to permit appeals from orders only disappears.

█ I am thus squarely faced with the question whether the order comes within the terms of section 1292(b). There is no doubt that it involves a controlling question of law as to which there is substantial ground for difference of opinion, namely, whether in diversity cases federal or state law should be applied in determining amenability to suit.

█ The question whether immediate appeal may materially advance the ultimate termination of the litigation is much more difficult. No one can foretell whether there will ever be any need for a determination of a controversy between defendant and third-party plaintiff Jaftex Corporation, on the one hand, and third-party defendant Randolph Mills, Inc., on the other. Plaintiff may never establish any liability of Jaftex Corporation and consequently there may be no need of a trial of the question whether Randolph Mills, Inc., is obligated to shoulder that liability.

On the other hand, there will be practically no use in impleading Randolph

Mills, Inc., as third-party defendant unless it can be done before the trial of the issue between plaintiff and Jaftex Corporation, third-party plaintiff. By far the principal advantage of impleading Randolph Mills, Inc., is to create a situation where a decision in favor of plaintiff on the issue between plaintiff and Jaftex Corporation would be binding in the determination of the issue of indemnity between Jaftex Corporation and Randolph Mills, Inc. That advantage will be lost unless Randolph Mills, Inc., is a party to the lawsuit when the issue between plaintiff and Jaftex Corporation is tried out. . Jaftex Corporation might get the same result by giving notice to Randolph Mills, Inc., to come in and defend but that would require retirement of Jaftex Corporation from its position of full control of its defense [1]—a price too high to pay for res judicata. When once there has been a final judgment in the case holding Jaftex Corporation liable to plaintiff, a reversal of the decision holding that the court had no jurisdiction over Randolph Mills, Inc., would only mean that Jaftex Corporation would have a right to try out in this court its claim that Randolph Mills, Inc., was liable over to it for the amount of plaintiff's judgment. Since my assumed error in excluding Randolph Mills, Inc., would not have affected plaintiff's judgment against Jaftex Corporation in any way, Jaftex Corporation would not be entitled to a retrial of the issue between plaintiff and itself. Hafey v. W. C. Mitchell Co., 8 Cir., 293 F. 27; Stillman v. Stillman, 240 N.Y. 268, 148 N.E. 518. The only possible advantage that Jaftex Corporation might gain by appealing from the decision excluding Randolph Mills, Inc., instead of bringing a new action would be a probable better place on the calendar for the so-called retrial than for an entirely new action.

For all practical purposes, therefore, if Jaftex Corporation is not allowed to appeal now it will have no right of appeal. This would be a substantial deprivation. As above indicated, if Jaftex Corporation is successful on an interlocutory appeal now, the determination of the issue between plaintiff and Jaftex Corporation will be binding upon Randolph Mills, Inc. On the other hand, if Jaftex Corporation is not allowed to prosecute an interlocutory appeal the issue of the liability of Jaftex Corporation to plaintiff will have to be tried out again between Jaftex Corporation and Randolph Mills, Inc., in the event that plaintiff is successful as against Jaftex Corporation. Under those circumstances, therefore, an immediate appeal from the order would materially advance the ultimate termination of the litigation as required by section 1292(b). Thus the controlling question before me is whether the delay involved in the appeal and the consequent postponing of the prosecution of the plaintiff's claim for a determination of an issue in which plaintiff has no concern outweigh the advantages of a speedy appeal. My conclusion is that, in view of the importance of the matter and of the possibility of minimizing the delay suffered by the plaintiff, third-party plaintiff Jaftex Corporation should be allowed an interlocutory appeal. My determination, however, is conditioned upon prosecution of the appeal by Jaftex Corporation within the short periods fixed by this opinion.

Upon stipulation within 5 days after the appearance of a note of this decision in the New York Law Journal, by third-party plaintiff, that upon any appeal allowed it will file notice of appeal within 5 days after the allowance, docket the action and file the record in the Court of Appeals within 10 days thereafter, file its brief and appendix within 10 days thereafter and file any reply brief and appendix within 5 days after service of the appellee's brief, the judgment dismissing the third-party complaint as

---

1. Restatement, Judgments § 107, comment e, pp. 515–516; Hartford Accident & Indemnity Co. v. First Nat. Bank, 281 N.Y. 162, 22 N.E.2d 324, 123 A.L.R. 1149; Loeb v. May, 186 Ga. 742, 198 S.E. 785.

against Randolph Mills, Inc., will be vacated and the order will be vacated and a new order entered which will include a statement that I am of opinion that it involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from it may materially advance the ultimate termination of the litigation.