38488. BLANKENSHIP v. SMART.

TOWNSEND, Judge. 1. The Supreme Court has twice refused to decide the question of whether one vouched into court by the

defendant to defend an action against him under the provisions of *Code* § 38-624 may in turn vouch in another against whom the vouchee in the first action may have a remedy over. *Loeb v. May,* 186 Ga. 742, 743 (198 S. E. 785) ; *Southern Ry. Co. v. Acme Fast Freight, Inc.,* 193 Ga. 598, 600 (19 S. E. 2d 286, 140 A. L. R. 1118). This being so, the only ruling on this question is to be found in *May v. Loeb,* 57 Ga. App. 788 (196 S. E. 268) where it was held in a two-judge decision, with one judge dissenting, that only the defendant had the right to vouch in another, that such other must be a person responsible directly to that defendant, and that, since a warranty to personalty does not run with the property, a remote vendor could not properly be vouched in to defend a strictly legal action for the recovery of personal property from a remote vendee. A similar conclusion was reached in Hartford Accident & Indemnity Co. v. First Nat. Bank &c. Co., 281 N. Y. 162 (22 N. E. 2d 324, 123 A. L. R. 1149), but the annotation contained in the last citation shows that a contrary result has been reached in two other jurisdictions. In *Central of Georgia Ry. Co. v. Southern Clays, Inc.,* 94 Ga. App. 377 (94 S. E. 2d 625) it was stated that a defendant properly vouched into a law action a third party *and* the insurer of that party, but it appeared in that case that the insurer had assumed the entire defense of the third party's interest under its contract of insurance, and the two were, for purposes of the decision, considered as occupying a single position in the matter.

2. In *Masters v. Pardue,* 91 Ga. App. 684 (86 S. E. 2d 704), affirmed by a four-three decision in *Pardue v. Masters,* 211 Ga. 772 (88 S. E. 2d 385), it was held that a vouchee may set up any defense which would tend to relieve himself from liability in the pending action, but also that he might not be made a party defendant of record over the objection of the plaintiff. A vouchee is not, however, a stranger to the case, and, for the principles of *Code* § 38-624 to become applicable, therefore, it must appear that the vouchee has the same means of defeating recovery as if he were the real party of record. *Raleigh &c. R. Co. v. Western & Atlantic R. Co.,* 6 Ga. App. 616, 622 (65 S. E. 586). If he does not have the right to defend he does not, in fact, become a vouchee.

3. In the present case it appears that Continental Insurance Co. filed a trover action against Harry J. Credelle for a Ford

automobile. Credelle gave notice of the pendency of the action to J. Henry Smart from whom he had purchased the automobile, and Smart in turn gave written notice to his vendor, R. L. Blankenship, calling upon him to defend the trover action. Blankenship then employed an attorney who filed an answer in behalf of Credelle on January 30, 1959. Credelle subsequently employed other counsel who filed another answer for him on February 2, 1959, and the action went to trial under the pleadings and with the case conducted by the second group of attorneys. Blankenship and the attorney whom he had procured to file the first answer were present during a part of this trial, but that attorney had no share in the conduct of the case. A judgment was entered against Credelle which Smart paid, and Smart then brought the present action against Blankenship to recover the amount of that judgment on the theory that Blankenship, having been vouched into court, was concluded both as to the amount of the judgment and the liability of Smart to whom he had warranted title to the vehicle. The court sitting without the intervention of a jury returned a judgment in favor of Smart for the amount paid by him in satisfaction of the judgment against Credelle. Blankenship's motion for new trial on the general grounds was denied and he brings error.

These facts well illustrate the statement in 123 A. L. R., supra, at page 1153 that "as a practical matter a certain amount of unseemly confusion would result from having the defense of a suit conducted by one who is not liable over directly to the actual defendant." The defendant in the case under consideration did not conduct the defense nor was he concluded by the original trover action, because he was not liable over to Credelle, the defendant in that action, and could not be vouched into court under the provisions of *Code* § 38-624, so as to be concluded by the amount of the judgment in that case. We need not decide what the result would have been if Blankenship had in fact conducted the defense of the case through attorneys of his choice, nor do we have a situation where the original defendant is forced to sue his vouchee warrantor and that vouchee then vouches in the present defendant. To reach a contrary decision it would be necessary to overrule the case of *May v. Loeb,* 57 Ga. App. 788, supra, and, while much is to be said for procedures which avoid circuity of action and a multiplicity of lawsuits, it is also

obvious that, except by agreement, only the defendant can ultimately control his own defense, and that such action by the defendant precludes the remote vouchee from having his day in court.

It follows that Blankenship was not properly vouched into court, nor did he conduct the defense of the action against Credelle, and he is therefore not bound by the judgment rendered in that case.

The trial court erred in denying the motion for new trial on the general grounds.

*Judgment reversed. Carlisle and Frankum, JJ., concur.*

DECIDED NOVEMBER 1, 1960.

*Miles B. Sams*, for plaintiff in error.
*Francis Y. Fife, G. William Jessee*, contra.